JOHN W. LATHROP v. CHARLES F. ELSNER.

*Equity jurisdiction—Deed—Reservation of right of way—Non-user.*

1. Equity will restrain a land-owner from interfering with a private right of way through his land lawfully used by another land-owner in reaching the highway.

2. A reservation in a deed of a tract of land abutting on a highway, of a perpetual right of way through it to enable the grantor to reach the highway from a parcel of land in the rear of that conveyed, creates an easement appurtenant to the unconveyed land.

3. The general rule that in a reservation, as well as in the granting clause of a deed, the word "heirs" must be used to create an estate which will extend beyond the life of the party in whom the estate is vested, does not apply to the reservation of a right of way which creates an easement appurtenant to the land retained by the grantor.

4. Mere non-user for 20 years does not extinguish an easement. If such non-user is not accompanied by acts which show an intention of abandonment, adverse possession, as well as non-user, is required to effect the extinguishment.

5. Where the chain of conveyances through which a land-owner holds expressly reserves a right of way for the benefit of another land-owner, the possession of the former will not be presumed to be adverse to the rights of the latter until he commits some act which brings home to the latter notice of his intention to repudiate the existence of the right of way.

Appeal from Wayne. (Gartner, J.) Argued November 2, 1892. Decided December 2, 1892.

Bill to restrain defendant from interfering with an alleged right of way. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*E. S. Clarkson,* for complainant.

*Samuel W. Burroughs (Otto Kirchner,* of counsel), for defendant.

MONTGOMERY, J.   The bill in this case was filed to restrain the defendant from interfering with an alleged right of way over certain lands occupied by the defendant.

Complainant's right rests upon a reservation or exception in a certain deed executed by one Harvey King to Ira H. Wait, March 2, 1853, complainant having derived his title through mesne conveyances from King. At the time the conveyance in question was made Harvey King was the owner of 50 acres of land, the title to 25 of which is now vested in complainant, the title to the remaining 25 being in defendant, subject to the alleged easement. By the deed in question the 25 acres abutting upon the highway was conveyed to Wait, King retaining 25 acres in the rear, and the deed contained the language following, after the description of the property: "Reserving from said grant the perpetual right of way for a private way through on the south side of said lot." The circuit judge granted the relief prayed in the bill.

The defendant appeals, alleging—*First*, that there is not a sufficient basis for equity jurisdiction; *second*, that the reservation did not inure to the benefit of the 25 acres remaining in King, and did not pass by conveyance to his grantees; and, *third*, that the easement, if any such has been created, has been lost by non-user.

1. We think equity may well take jurisdiction of such a case.   As was said in *Nye v. Clark*, 55 Mich. 599, 601:

"No action of damages could give adequate redress to a party who is hemmed in so as to have no peaceable egress from his own farm."

See, also, *Wilmarth v. Woodcock*, 66 Mich. 331; *Morgan v. Meuth*, 60 Id. 238; *Cook v. Mayor*, L. R. 6 Eq. 177; *Welsh v. Taylor*, 2 N. Y. Supp. 815; *Longendyck v. Anderson*, 59 How. Pr. 1.

2. We think the contention that the reserved right of way was in gross, and not appurtenant to the land retained

by the grantor, should not prevail. The right of way reserved by the deed could have had no value to King except as it enabled him to reach the land retained by himself. In the case of *Dennis v. Wilson*, 107 Mass. 591, the identical question here involved was presented, and it was held that a reservation in the words, " excepting and reserving a right of way to pass and repass over said land with teams and otherwise, on the northerly side of said premises, and not exceeding eight rods from the old Worcester road," created an easement appurtenant to the land remaining in the grantor. See, also, *Borst v. Empie*, 5 N. Y. 33

The case of *Garrison v. Rudd*, 19 Ill. 570, cited by defendant, is clearly distinguishable from the case at bar. In that case the reservation was in these words:

" The parties of the first part reserving to themselves and their heirs, forever, the use of an alley twenty-five feet wide on or near the south line of the above-conveyed tract, jointly with the said party of the second part, and his heirs; said alley to extend from said river road to the river."

The court held that this was a reservation of a right of way in gross, which would not pass by a conveyance of the land the title to which was retained by the grantor. But in that case both *termini* of the way were disconnected from the land retained by the grantor, and hence would not be presumed to be appurtenant to it.

3. It is undoubtedly the general rule that in a reservation, as well as in the granting clause of a deed, the word "heirs" must be employed to create an estate which will extend beyond the life of the party in whom the estate is vested. But it is said in Washburn on Easements (page 30):

" In respect to whether the reservation is a perpetual interest, like a fee, in the easement reserved, the question seems to turn upon whether it is a personal right, an

easement in gross, or one for the benefit of the principal estate and its enjoyment, whoever may be the owner. In the latter case it is held to be a permanent right appurtenant to the principal estate in the hands of successors or assigns without words of limitation. The courts of Maine treat such a reservation as an exception to obviate the objection."

See, also, *Karmuller v. Krotz,* 18 Iowa, 352; *Winthrop v. Fairbanks,* 41 Me. 307; *Smith v. Ladd,* Id. 314; *Burr v. Mills,* 21 Wend. 290; *Borst v. Empie,* 5 N. Y. 33. In *Borst v. Empie* the grantors excepted from the conveyance of certain lands the 1½ acres upon which a tannery stood, and the deed contained the further clause:

"The said parties of the first part, as aforesaid, do also reserve to themselves and their use a certain well and waterworks laid down for the purpose of supplying the tannery aforesaid with water."

It was held that these words created an easement appurtenant to the excepted land, which passed by conveyance, and was not personal to the grantors. In *Winthrop v. Fairbanks* it was held that the language, "reserving forever for myself the privilege of passing with teams and cattle across the same in suitable places, to land I own to the south of the premises," created an easement appurtenant to the remaining land, which ran with the land, and was good in the heirs and assigns of the grantor. In *Smith v. Ladd,* a similar rule was laid down.

4. There has been no abandonment, and no such nonuser, accompanied by an adverse possession, as has barred complainant's right. At the time of the conveyance from King to Wait the reserved land was wild land, and it does not appear that there was any occasion to make use of the right of way. A mere non-user for 20 years does not extinguish an easement. If such non-user is not accompanied by acts which show an intention of abandonment, adverse possession, as well as non-user, is required to effect

the extinguishment. *Veghte v. Water Power Co.*, 19 N. J. Eq. 142; *Horner v. Stillwell*, 35 N. J. Law, 307; *Pra't v. Sweetser*, 68 Me. 344; *Eddy v. Chace*, 140 Mass. 471 (5 N. E. Rep. 306). In the present case the conveyances under which the defendant holds expressly reserve the right of way. Under these circumstances, his possession of the land, which is not inconsistent with the right of the complainant to pass over it, would not be presumed to be adverse until some act was committed by him which brought home to complainant notice of his intention to repudiate the grant of his own grantor.

The decree of the court below will be affirmed, with costs.

The other Justices concurred.