WILLIAM A. WALZ v. CHRISTINA WALZ.

*Easement—Reservation in deed.*

The owner of a building, the lower story of which was divided by
a permanent partition wall into two stores, within one of which
a stairway led from the street to the upper story, and into a
hall, from which doors led into rooms over each store, con-
veyed the half of the building within which the stairs were
built, and inserted in the deed a clause reserving to the grantor
the right to use said stairs and hall in common with the owners
of the premises conveyed. And it is held that the reservation
created an easement appurtenant to the premises retained by
the grantor, which right passed to a subsequent grantee of the
said premises.[1]

Appeal from Calhoun. (Smith, J.) Argued May 1, 1894.
Decided June 16, 1894.

Bill to restrain defendant from interfering with com-
plainant's rights in a certain stairway. Defendant appeals.
Decree affirmed. The facts are stated in the opinion.

*George H. Southworth,* for complainant.

*Jesse M. Hatch* (*Herbert E. Winsor,* of counsel), for
defendant.

LONG, J. This bill was filed to obtain a perpetual
injunction against the defendant, restraining her from
obstructing or in any manner interfering with the com-
plainant's rights in a certain stairway, leading from the
street to the upper floor of a store building.

This building was owned, prior to February 27, 1880,

---

[1] See note to *Hagerty v. Lee,* 20 L. R. A. 631, for cases bearing
on the questions of the exception and reservation of easements.

by John B. Tyler and wife, and consisted of a brick block of 40 feet frontage, and extending back from 60 to 80 feet. It was divided into two stores. On the first floor a permanent wall partition divided the stores from front to rear. A stairway of three or four feet in width was built within the west store on the easterly side, leading from the street to the second floor. At the top of the stairway is a narrow hall, out of which doors lead into rooms east and west over each store. The second story is divided by walls and partitions, and was formerly used for offices.

The husband of defendant, on February 27, 1880, purchased the west 20 feet of this building from John B. Tyler and wife. That deed contains the following reservation:

" Said parties of the first part reserving the right to use the front stairs and the hall on the second floor in common with the owners of the premises hereby conveyed."

After this purchase, defendant and her husband occupied the rooms over the store as a dwelling-house, and the Tylers occupied the rooms over the east store as a dwelling. On May 6, 1880, the complainant purchased the east store from Mrs. Tyler, to whom it had been conveyed by her husband. This deed did not specify any use to be made by the grantee of the stairway in question, which the Tylers had reserved when they conveyed to defendant's husband; but on May 11, 1880, complainant procured a conveyance from Tyler and his wife and William Walz, the defendant's husband, granting the use of said stairway, as follows:

" Said William Walz, in consideration of the sum of one dollar to him paid, doth hereby sell, assign, transfer, bargain, grant, convey, and set over to said William A. Walz the right to use the front stairs, and the hall leading there-

from, on the second floor of said block, to be used as a passage way, and to be used in common with the said William A. Walz; also, the right of way at all times, for himself and all others that he may wish, over and upon said stairway and hall; and Ella A. Tyler (grantor of said William A. Walz of the said portion owned by him) and John B. Tyler, for value received, do hereby grant, bargain, sell, release, convey, transfer, and set over unto said William A. Walz the right to use said stairs and hall in common with the owners of the premises conveyed in a certain deed dated February 27, 1889, from said Ella A. Tyler to said William Walz, and all rights reserved to them in said deed in said stairway and hall and otherwise; the rights, privileges, and easement hereby transferred to be held and enjoyed by said William A. Walz, his executors, administrators, heirs, and assigns, forever."

This conveyance was recorded in the office of the register of deeds on May 14, 1880.

On April 19, 1883, William Walz conveyed by deed to his wife, the defendant herein, the store purchased by him, being the west store of said block. In this deed the same reservation of stairs and hallway is made as in the deed from the Tylers to himself. William Walz thereafter died, and the defendant, claiming the right to the exclusive use of this stairway and hall, refused the complainant admittance thereto, or any use thereof, when he filed this bill to determine his rights, and to enjoin the defendant from further interfering therewith.

It appears that, after the complainant purchased his part of the block, he used the lower portion as a harness shop and the upper story as a storeroom for his business. He built a stairway inside of his own building, extending to the upper floor, and the defendant claims he had sufficient ingress to and egress from the upper floor through that stairway, and also that he could have had such by means of the alley to the east of the block, over which he had the right of way; that the stairway in question

was not a way necessary for him to have egress from and ingress to his rooms on the upper floor. It is also contended that the reservation in the deed to her husband was a mere privilege to be enjoyed by Tyler and his wife, and was in no sense a servitude or burden upon her premises after the Tylers had conveyed title to the adjoining premises to the complainant. On the part of the complainant, it is contended that the reservation was not a license or easement in gross, but appurtenant, and, being so, would pass by the conveyance from the Tylers to himself without express mention.

We think the case is ruled by *Lathrop v. Elsner*, 93 Mich. 599, and cases there cited, and that the reservation must be held to have created an easement appurtenant to the premises reserved by the Tylers. In this view of the case, it is not necessary to discuss the questions raised by counsel upon defendant's homestead rights in the premises. We think it required no conveyance from defendant's husband or further conveyance from the Tylers to give complainant all the rights which he claims.

The court below reached the right conclusion,—that the complainant was entitled to the relief asked,—and that decree will be affirmed.

The other Justices concurred.