SMITH *v.* DENNEDY.

1. EASEMENTS—EASEMENTS IN GROSS RECOGNIZED IN THIS STATE.
   While some courts look with disfavor upon and decline to recognize easements in gross, strictly speaking, this court recognizes their existence and the distinction between them and easements appurtenant.

2. SAME—DISTINCTION BETWEEN EASEMENT APPURTENANT AND IN GROSS.
   The principal distinction between an easement appurtenant and an easement in gross is that in the first there is a dominant tenement, while in the second there is not.

3. SAME—EASEMENT APPURTENANT PASSES WITH THE LAND.
   An easement in an alley acquired by prescription and used in connection with certain premises is an easement appurtenant which runs with the land and therefore passed to the grantee under his deed.

4. SAME—ADVERSE USER FOR BENEFIT OF TWO DESCRIPTIONS.
   Whether an easement in an alley appurtenant to a certain description of land could be extended to include another description, both being covered by a rooming house, is unnecessary to decide as matter of law, where the record shows the adverse user of the alley for the benefit of both descriptions for the full prescriptive period.

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 24, 1923. (Docket No. 14.) Decided October 1, 1923.

Bill by J. Henry Smith and others against Michael Dennedy and others to quiet title to a private alley, and to enjoin its use by defendants. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Oxtoby, Robison & Hull,* for plaintiffs.

*Douglas, Eaman, Barbour & Rogers,* for defendants.

Plaintiffs Smith and Anderson are lessees under long term leases of the southeasterly 23.35 feet in front and 24.18 feet in rear of lot 21, governor and judges plan of city of Detroit.   Plaintiffs Hudson-Webber Land Company, Edward C. Van Husan and Kate M. Van Husan, his wife, are lessees under long term lease of the balance of lot 21 and are the owners in fee of adjoining lot 22 except the easterly 10 feet thereof.   Defendant Dennedy is the owner of the easterly 10 feet of lot 22 and also of the westerly 28.40 feet of lot 23. Defendant Jones is his lessee, and defendant Security Trust Company is trustee in a mortgage on this property.   On March 11, 1871, the executors and trustees of the estate of Alonzo Reed, deceased, then owner, conveyed to Hoyt Post and Helen D. Post, his wife, lot 22 excepting a strip 10 feet in width on the easterly side thereof.   It would seem, although not definitely fixed in the proof, that Maria Reed, wife of Alonzo, and one of the executors and trustees under the will, was devised this strip of 10 feet and that she then owned in her own right the westerly 28.40 feet of lot 23.   At this time the Reed estate also owned lot 21. On March 15, 1871, Post and wife and the executors and trustees of the Reed estate entered into an agreement afterwards recorded for the establishment and maintenance of a private alley between them, each furnishing a portion of the land therefor.   It extended from Williams street (now Witherell) to the easterly 10 feet of lot 22.   This private alley has continued to exist until the present time.

The deed does not appear in the record but it does appear that Edward H. Ross acquired title to the land now owned by defendant Dennedy from Maria Reed. This was prior to July 19, 1902, the date of the *jurat* to the amended bill of complaint to which we shall now refer.   Differences arose between Richard W. Allen, then owner of the lands of which plaintiffs Smith and

Anderson are lessees, and Ross and others growing out of the use of the private way and Allen instituted suit against them. April 11, 1904, a decree was entered determining that Ross acquired no rights in the alley under the agreement of March 15, 1871, between Post and wife and the representatives of the Reed estate and that he had no rights in the alley at all. On July 26, 1904, this decree was amended, the amended decree likewise determining that Ross had acquired no rights under the agreement of March 15, 1871, but provided:

"*Fifth.* The decree heretofore entered in said cause is hereby amended so as to read as follows:

"It is further ordered, adjudged and decreed that the defendant Ross, as the owner of the easterly ten feet of said lot twenty-two has acquired a prescriptive use of the private way, as established by this decree, and is entitled, for himself and tenants, with the others in interest, to the uninterrupted use of the same; but such prescriptive rights shall give him no right to the enforcement of any of the provisions of the deed establishing said private way."

It may be inferred from the files in that case that this amendment to the decree was made in compromise to save an appeal.

The present bill is filed to quiet title to the land now used as a private alley and to restrain defendant Dennedy from its use. From a decree dismissing plaintiffs' bill and granting defendant Dennedy affirmative relief, plaintiffs appeal.

FELLOWS, J. (*after stating the facts*). The crucial question in the case is the character of the easement fixed by the amended decree of July 26, 1904, whether an easement appurtenant or an easement in gross. Incidentally the extent of the easement is involved with the further question of whether defendant and his predecessor in title have acquired rights by adverse

user since the entry of the decree. While some courts look with disfavor upon and decline to recognize easements in gross strictly speaking (9 R. C. L. p. 739; 32 Yale Law Journal, p. 813), this court recognizes their existence and the distinction between them and easements appurtenant. In the recent case of *Stockdale* v. *Yerden*, 220 Mich. 444, where the party had reserved standing timber with the right of removal for a certain period, this court held, under the circumstances of the case, that the right was a personal one, not assignable, and an easement in gross. The distinction between an easement appurtenant and an easement in gross is pointed out in Corpus Juris.

"An easement appurtenant is defined as an incorporeal right, which, as the term implies, is attached to and belongs to some greater or superior right; something annexed to another thing more worthy, which passes as incident to it. Easements appurtenant inhere in the land, concern the premises, and are necessary to the enjoyment thereof. They are incapable of existence separate and apart from the particular messuage or land to which they are annexed, there being nothing for them to act upon. They are in the nature of covenants running with the land, attach to the land, to which they are appurtenant, and pass by a deed of conveyance." 19 C. J. p. 865.

"Under the rule that there can be no easement without a distinct dominant tenement, it is said that there can, in strictness, be no such thing as an easement in gross. But there is a class of rights which one may have in another's land without their being exercised in connection with the occupancy of other lands, and they are therefore called rights or easement in gross, and in such cases the burden rests upon one piece of land in favor of a person or an individual; the principal distinction between an easement proper, that is an easement appurtenant, and a right in gross is found in the fact that in the first there is and in the second there is not a dominant tenement." 19 C. J. p. 866.

Certain well recognized rules are laid down in Ruling Case Law to be used in determining the character of the easement.    We quote some of them:

"Ordinarily the intention of the parties is primarily to be determined from the written instrument. Some courts adhere to the strict rule that the conveyance alone must show that the parties intended the right to be made appurtenant to certain land therein mentioned; the question cannot be determined from matter *aliunde;* but the reasonable and prevailing rule is that an easement is appurtenant if so in fact although not declared to be so in the deed, and that if the intention is not sufficiently expressed this question may be determined by the relation of the easement to the so-called dominant estate, or the absence of it, and in the light of all the circumstances under which the grant was made."    9 R. C. L. p. 738.

"As a rule of construction courts favor the appurtenant easements, and if the right in controversy is in its nature an appropriate and useful adjunct to the land conveyed, having in view the intention of the grantee as to its use, there being nothing to show that the parties intended it to be a mere personal right, it should be held to be appurtenant and not in gross, the presumption therefore being in favor of the former where there is a doubt as to the real nature of the grant.    And so an easement is never construed to be in gross when it can fairly be construed to be appurtenant."    9 R. C. L. p. 741.

"The surrounding circumstances are of importance; for example, when the reservation of an easement naturally operates to enhance the value of the other adjacent lands of the grantor, this is a strong circumstance to indicate that it was intended to be appurtenant to the estate, and not merely personal to the grantor."    9 R. C. L. p. 742.

In the case of *Lathrop* v. *Elsner,* 93 Mich. 599, this court, speaking through Mr. Justice MONTGOMERY, said:

"We think the contention that the reserved right of way was in gross, not appurtenant to the land retained

by the grantor, should not prevail. The right of way reserved by the deed could have had no value to King except as it enabled him to reach the land retained by himself. In the case of *Dennis* v. *Wilson*, 107 Mass. 591, the identical question here involved was presented, and it was held that a reservation in the words, 'excepting and reserving a right of way to pass and repass over said land with teams and otherwise, on the northerly side of said premises, and not exceeding eight rods from the old Worcester road,' created an easement appurtenant to the land remaining in the grantor. See, also, *Borst* v. *Empie*, 5 N. Y. 33."

This case was followed in *Walz* v. *Walz*, 101 Mich. 167. In this case the reservation was in the following language:

"Said parties of the first part reserving the right to use the front stairs and the hall on the second floor in common with the owners of the premises hereby conveyed."

In determining the case it was said:

"It is also contended that the reservation in the deed to her husband was a mere privilege to be enjoyed by Tyler and his wife, and was in no sense a servitude or burden upon her premises after the Tylers had conveyed title to the adjoining premises to the complainant. On the part of the complainant, it is contended that the reservation was not a license or easement in gross, but appurtenant, and, being so, would pass by the conveyance from the Tylers to himself without express mention.

"We think the case is ruled by *Lathrop* v. *Elsner*, 93 Mich. 599, and cases there cited, and that the reservation must be held to have created an easement appurtenant to the premises reserved by the Tylers. * * * We think it required no conveyance from defendant's husband or further conveyance from the Tylers to give complainant all the rights which he claims."

Under the above authorities we are persuaded that we should hold that the easement was appurtenant.

It was acquired by prescription, not under the agreement or deed of March 15, 1871, but against any rights of the parties to such agreement; it was of no value except as it was used in connection with the premises then owned by Ross and he had acquired it as "owner." Being appurtenant it run with the land and passed to defendant Dennedy under the deed to him.

But it is insisted that if the easement was appurtenant it was only appurtenant to the easterly 10 feet of lot 22, and therefore could not be extended to or used in connection with the westerly 28.40 feet of lot 23. Upon this record it is unnecessary to decide this question as matter of law as the evidence clearly establishes adverse user of the alley for the benefit of both descriptions under the rule laid down in *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich. 569. From the date of the amended decree, July 26, 1904, until shortly before this bill was filed, October 29, 1921, Ross and defendant Dennedy both used the entire premises for a rooming house with upwards of 30 roomers, and during the entire period occupants of the rooming house used this private alley without regard to whether their rooms were located on the 10 foot strip or the 28.40 foot strip. The statutory period having run, the prescriptive right ripened.

The decree will be affirmed, with costs to defendants.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.