ROBERTS v. WHEELOCK.

1. EASEMENTS—PRESCRIPTION—ELEMENTS OF PRESCRIPTION.

   To establish an easement by prescription there must be
   shown:  (a) Continued and uninterrupted use or enjoy-
   ment;  (b) identity of the thing enjoyed;  (c) a claim of
   right adverse to the owner of the soil, known to and ac-
   quiesced in by him.

2. INJUNCTION—OBSTRUCTING PRIVATE ALLEY — EASEMENTS — PRE-
   SCRIPTION.

   In a suit to enjoin the obstruction of a private alley,
   where plaintiffs conclusively showed that they had an
   easement therein by prescription, they were properly de-
   creed the relief prayed for.

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted January 7, 1927.   (Docket No. 37.)   De-
cided April 1, 1927.

Bill by Hiliary C. Roberts and others against Wendall
K. Wheelock and another to enjoin the obstruction of
an alley.   From a decree for plaintiffs, defendants ap-
peal.   Affirmed.

*G. Sweetman Smith,* for plaintiffs.

*Peter P. Boyle,* for defendants.

SNOW, J.    Plaintiffs claim an easement in a private
alley and dispute the claimed right of defendants to
exclude them from its use by constructing a fence
across it.   They say their right to its use is by pre-
scription, and the complete knowledge of the owners
of the servient estate and their acquiescence in for
more than 15 years, all of the things necessary to es-
tablish such prescriptive easement.

---

[1]Easements, 19 C. J. §§ 34, 36, 49, 51, 60; 9 R. C. L. 772;
2 R. C. L. Supp. 873; 4 R. C. L. Supp. 626; 5 R. C. L. Supp.
528; 6 R. C. L. Supp. 576; [2]Id., 19 C. J. § 253.

The alley in question parallels Fort street.    It is 15 feet wide and 150 feet long and enters block 15 from Junction avenue, 125 feet south of Fort, then cuts across lots 11, 10, 9, 8 and 7, ending at lot 6, which is owned by plaintiffs Roberts, who also own lot 5 to the west. The Roberts property faces Fort, and runs south 236 feet to a public alley.    Lot 7 and half of lot 8, just north of the alley, adjoins Roberts on the east, and is owned by plaintiffs Rafaill and Savas.    The balance of lot 8 and lots 9 and 10 belong to the defendants, and lot 11, next to Junction avenue, belongs to a man named Hauser.    The Starks own a strip of land 40 feet wide and 150 feet deep, lying just south of and along the alley, and facing on Junction.

There seems to be but little dispute between the parties as to the law or the facts.    Defendants concede the right of use of the alley to the defendants Rafaill and Savas, interested in lot 7 and the west half of lot 8, but deny such rights of use on the part of the plaintiffs Roberts and Stark, interested in the lands at the end and to the south of the alley respectively.

To establish an easement by prescription there must be (a) Continued and uninterrupted use or enjoyment. (b) Identity of the thing enjoyed.    (c) A claim of right adverse to the owner of the soil, known to and acquiesced in by him.    9 R. C. L. p. 772; *St. Cecelia Society* v. *Service Co.*, 213 Mich. 569.

All of these things obtain in the instant case.

Peter Hirth was at one time the owner of all the affected property.    In 1892 plaintiffs Roberts acquired lots 5 and 6 and have owned and occupied them ever since.    Plaintiff Stark is a grandson of Peter Hirth, and acquired his land from his mother, daughter of Hirth, and the title and possession of this strip has never been out of the Hirth family.

We think the record is perfectly clear that Peter

Hirth established a private alley through these lots for his own use and for the use and convenience of those to whom he sold. It was usually referred to in some manner in the deeds of conveyance and its use provided. Since the acquisition of their respective lands it is certain that these plaintiffs have exercised a continuous, open, and peaceable use as of right, of this private alley, which has always been kept open, maintained, and used for alley purposes by all those whose lands abutted. Many witnesses called by plaintiffs testified to these facts, and defendants offered practically no proof in contradiction.

We are of the opinion that the circuit judge reached the correct conclusion, and that the decree should be affirmed, with costs to plaintiffs.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. BIRD, J., did not sit.