PARRISH *v.* HESKETT.

1. EASEMENTS—APPURTENANT EASEMENT PASSES WITH LAND.
    An easement in a driveway created by a lease, which gave the lessee the right to joint use thereof by passenger automobiles, is an easement appurtenant to lessee's lot and passed to her grantee.

2. SAME—RIGHT TO USE OF DRIVEWAY BY TENANTS—INJUNCTION.
    Where, at the time an easement in a driveway for use thereof by passenger automobiles was created by lease, the lessee had no automobile, and she rented her garage to tenants who used the driveway in connection therewith, such right passed to her grantee, and, therefore, injunction

[1]Easements, 19 C. J. § 141; [2]Id., 19 C. J. § 224.

to restrain use of the driveway by her grantee's tenant was properly denied.

Appeal from Kent; Perkins (Willis B.), J.  Submitted January 5, 1928.  (Docket No. 83.)  Decided February 14, 1928.

Bill by Harry B. Parrish and others against Clarence H. Heskett and others for an injunction.  From a decree dismissing the bill, plaintiffs appeal.  Affirmed.

*Irving H. Smith,* for plaintiffs.

*Taggart & Kingston,* for defendants.

SHARPE, J.  In 1922, Stephen Parrish and his wife and Elizabeth Hammerschmidt owned adjoining lots in Giddings' addition to the city of Grand Rapids. Mrs. Hammerschmidt was preparing to build a garage on her lot.  The building where she proposed to erect it so as to gain access thereto from her own premises would obstruct the view from the residence of the Parrishes to Wealthy street.  A written agreement was thereupon executed, wherein Mr. and Mrs. Parrish as first parties did let and lease to. Mrs. Hammerschmidt as second party for a period of 99 years "the right to the use jointly with the said first parties" of an automobile driveway for passenger automobiles. The second party agreed therein to "do no parking upon the said premises" and not to "erect any building upon their adjoining premises so as to obstruct the view from the residence of the said first party to Wealthy street, S. E., in said city of Grand Rapids." It contained the usual provision:  "To have and to hold the said premises as above described, unto the said party of the second part, and to her heirs and assigns."

After this agreement was executed, Mrs. Hammerschmidt built her garage with room therein for two

241—Mich.—36.

machines, and it has been occupied, one part of it continually by an outside party, since that time.

On April 10, 1925, Mrs. Hammerschmidt sold her lot to the defendants Heskett, and in writing assigned to them her interest in the lease.     After the death of Mr. and Mrs. Parrish, the plaintiffs, Harry B. and Beulah T. Parrish, sold their lot under contract to the plaintiff Church.     Heskett rented the use of the garage for one machine from month to month to the defendant Maddox in 1925, and he has used the driveway in question to reach it without interruption until shortly before the commencement of this suit.     Some altercation arose between Mr. Heskett and Mr. Church over the latter parking his car along the driveway, which led not only to a war of words but to a fistic encounter between them.     Soon thereafter this suit was begun.     Plaintiffs pray for a decree enjoining the Hesketts from permitting any other persons than themselves to use the driveway, and restraining Maddox from using it.     The trial court dismissed the bill, and plaintiffs appeal.

The purpose of the easement created by the lease was to permit access over the Parrish driveway to the garage Mrs. Hammerschmidt intended to erect.     She was not building this garage for her own use, as she had no machine at that time.     The lease created an easement appurtenant to her lot, and passed from her to Heskett.     *Smith* v. *Dennedy*, 224 Mich. 378.     Under it her tenants had the right to its use, and such right passed to Maddox under his lease from Heskett.     9 R. C. L. p. 817; 19 C. J. p. 977.

The decree is affirmed, with costs to appellees.

NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.