AKERS *v.* BARIL.

SETTER *v.* SASS.

1. DEEDS—RESERVATION OF EASEMENT—EXTINCTION.

   The reservation of an easement of way apparently for the benefit of all of grantor's remaining property adjacent to such right of way and existing at the time of the sale of the remaining property cannot subsequently be extinguished by the former grantor.

2. SAME—RESERVATION—STRANGERS.

   A stranger to a deed may take nothing by way of reservation therein.

3. EASEMENTS—CONSTRUCTION—APPURTENANCE.

   An easement will never be presumed to be a personal right where it can be construed as appurtenant to some estate, notwithstanding the silence of the deed.

4. DEEDS—RESERVATION OF EASEMENT—INTENT—ADJACENCY OF LAND RETAINED.

   Where an owner conveys part of his land and reserves an easement over it, without specifying that such easement is to be appurtenant to land retained by him, the surrounding circumstances, including the adjacency of the way to the land retained, may be considered by the court in order to ascertain the intention that the easement was intended to be appurtenant thereto.

5. EASEMENTS—RESERVATIONS—CONSTRUCTION AS APPURTENANT.

   Easement of way reserved by grantor who was the owner of parcels of land adjacent to such easement is construed as appurtenant to such adjacent and retained lands although such easement is not specified in the reservation as being appurtenant.

6. DEEDS—UNQUALIFIED RESERVATION OF EASEMENT—ESTOPPEL OF GRANTEE.

   Grantees in deed in which right of way had been reserved by grantors who owned several parcels of land adjacent to such right of way, in accepting and recording deed with an unqualified reservation, estopped themselves and their successors

from denying the use of the road to abutting property owners who bought in the belief they were entitled to an easement which was necessary to give an appreciable value to land that had been retained by the grantor at time easement was reserved.

7. EASEMENTS—DOMINANT AND SERVIENT TENEMENTS NEED NOT BE ADJACENT.

A right of way may be appurtenant where the servient tenement is not adjacent to the dominant tenement, as where the easement is for the benefit of all the land of the dominant estate when created and it is later divided into subparcels and no intention has been disclosed to confine the benefit to a particular subparcel when right of way was created.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 6, 1942. (Docket No. 1, Calendar No. 41,743.) Decided March 17, 1942.

Bill by George W. Akers and wife against Gerald Baril and wife for an injunction to restrain use of roadway.

Bill by Evelyn Setter against George J. Sass and others to establish a right of way and to restrain interference with such easement.

Cases consolidated. Decree in favor of defendants Baril and plaintiff Setter. Plaintiffs Akers and defendants Sass and others appeal. Affirmed.

*Glenn C. Gillespie* and *Carl A. Braun,* for plaintiffs and defendants Akers.

*Verne C. Hampton,* for defendants Baril and plaintiff Setter.

BUTZEL, J. A tract of over 57 acres at the southeast corner of Wattles and Crooks roads in Royal Oak township, county of Oakland, Michigan, was divided into 9 parcels by its owner, George J. Sass. For better understanding of the facts, a rough draw-

ing is given below which corresponds to plaintiffs' Exhibit 2, as modified by stipulation filed by the parties and testimony.

N.
WATTLES ROAD (17-Mile Road)

The other way

W.

CROOKS ROAD

| Par. 1 | Par. 2 | Par. 3 3½ acre sub-par. | Par. 4 | Par. 5 | Par. 6 |

1½ acre sub-par.

E.

25-foot strip or way in suit

10-acre tract

3 acres Par. 7

17-acre Tract

S.

Two cases involving the same easement, claimed by Gerald Baril and wife and Evelyn Setter, were consolidated, tried and brought here on one appeal. The trial court held that the northerly 25 feet of the 10 acres immediately below parcels Nos. 1, 2 and part of 3 were impressed with an easement in favor of the claimants. George J. Sass, the former owner of the entire tract, did not plat the property but sold large lots by metes and bounds. Parcel 1 is bounded on the north by Wattles road, known also as the 17-Mile road, and on the west by Crooks road. Parcel 1 contains somewhat less than 5 acres of land. Parcels 2, 3, 4, 5 and 6 each contain 5 acres. South of parcels 3 and 4 there was carved out a 3-acre tract. The other two tracts consist of 10 and 17 acres each, as shown by the drawing. Evelyn Setter,

Sass's grantee and the owner of parcel 3, deeded the southerly 1½-acre subparcel to Gerald Baril and wife. They built a home and a garage thereon. It will be noted that this 1½-acre, the 3-acre and the 17-acre tracts have no frontage on the main roads. The 1½-acre parcel is wholly isolated, at least for vehicles of all kinds, if it does not have the use of the easement as to ingress and egress claimed by its owners. There is a deep and wide depression between the 1½ and the 3½ acres of parcel 3, which is filled a large part of the time with water. The only way the owners of the 1½ acres of property would have for their vehicles would be over the 25-foot strip, or by means of a bridge which they would have to build at a cost both prohibitive and out of proportion to the value of their entire property. The bridge would lead to the upper 3½ acres owned by Mrs. Setter, mother of Mrs. Baril.

On May 3, 1928, Sass and wife, and others, deeded the 10-acre parcel to Frank and Jennie Hopkins. The deed after giving a description of the property stated:

"The first parties hereby reserve the north 25 feet of the above-described property for roadway purposes."

In June, 1937, Hopkins and wife sold on land contract to George W. Akers and Louise C. Akers the same property with the same north 25 feet excepted for roadway purposes. Both in 1928 and 1938, Hopkins and wife gave mortgages on the property containing the same description and the same reservation. Counsel stipulated that at the time Sass reserved the 25-foot strip for roadway purposes, he was also the owner of the entire parcel 3 and the 3-acre tract, which we have designated parcel 7 on the drawing. As late as June 23, 1937, in order to correct the description in the former deed,

Sass and wife gave Hopkins and wife a quitclaim deed of the same property. The deed, as recorded, contained the same reservation as to the north 25 feet for roadway purposes.

In August, 1937, Sass and wife deeded the entire parcel 3 to Evelyn Setter and on the same day she deeded the southerly 1½ acres thereof to Gerald Baril and Lila M. Baril. In 1940, Hopkins and wife gave a new land contract to Akers but dated it back to June 22, 1937, the date of the former contract, and left out the reservation of the 25 feet for right of way. At about the same time, Sass gave a quitclaim deed dated back to June 22, 1937, to Hopkins. It contained no reservation of the right of way. Subsequent to 1928 an additional right of way was established down the easterly side of parcel 4. This would give the owners of parcel 7 (the 3-acre tract) and the 17-acre tract means of ingress and egress. However, the reservation of an easement of way apparently for the benefit of all of grantor's remaining property adjacent to such first right of way, and existing at the time of the sale of the remaining property, cannot subsequently be extinguished by the former grantor.

The titles to both parcels 3 and 7 were in Sass, when he reserved the right of way in his deed to Hopkins, hence with respect to those parcels such reservation was not void under the rule that a stranger to a deed may take nothing by way of reservation therein. The language of the reservation does not specify whether the easement was intended to be in gross or appurtenant, nor, if the latter, appurtenant to what lands. An easement will never be presumed to be a personal right where it can be construed as appurtenant to some estate, notwithstanding the silence of the deed. *Jones* v. *Stevens,* 276 Mass. 318 (177 N. E. 91, 76 A. L. R. 591); *Lindenmuth* v. *Safe Harbor Water Power Corp.,*

309 Pa. 58 (163 Atl. 159, 89 A. L. R. 1180). Where an owner conveys part of his land and reserves an easement over it, without specifying that such easement is to be appurtenant to land retained by him, the surrounding circumstances, including the adjacency of the way to the land retained, may be considered by the court in order to ascertain the intention that the easement was intended to be appurtenant thereto. *Tusi* v. *Jacobsen,* 134 Ore. 505 (293 Pac. 587, 71 A. L. R. 1364). The way in suit, viewed in the light of the broad language reserving it and the further fact that the grantor in the deed retained title to lands adjacent thereto, would naturally be construed as appurtenant to all such adjacent and retained lands. Both Hopkins and Sass, the former owners, testified that they intended to reserve the right of way for the benefit only of the 3-acre and 17-acre parcels, but when the latter did not require this easement as a way of necessity because of the other way over parcel 4, such 25-foot right of way was forgotten to all intents and purposes by the witnesses until the grantee of the south 1½ acres of parcel 3 began using it.

John, the husband of Evelyn Setter, to whom Sass deeded parcel 3, stated that at the time the parcel was purchased from Sass, the latter stated that the right of way was up to the owners connecting with that road, that it was for the use of anyone connecting with it, that all the property touching the roadway was entitled to it. Evelyn Setter largely corroborated what her husband had stated with regard to the conversation with Sass. Setter further testified that they knew at the time that the southerly 1½ acres without means of ingress and egress would otherwise be inaccessible because of the wide natural depression in soil which was impassable because filled with water most of the year and bridgeable only at a prohibitive cost, that

one could not drive from the 17-Mile Road to the
1½ acres in the very driest part of the year. Baril
testified that he had graveled the roadway, that it
had been used by others, that he put the roadway in
in the fall of 1938, and his attention was first
called to the dispute about the roadway after he had
built his home, that he went to see defendant Akers
about it, who promised to look up his deed, and, not
hearing any further from him, he (Baril) went to
the township hall and the plats there showed the
roadway, that he looked up the deed to the Akers'
property, that he dumped 150 yards of gravel on
the road prior to the time that he received a letter
telling him to desist. He also testified that he saw
Sass prior to the time that he built his house and
Sass told him that the road was there but had never
been publicly dedicated, that Sass stated that he
saw no reason why he should not go ahead and open
up the road. He admitted that no one else used the
road until after he graveled it and built a runway
going to Crooks Road. Hopkins and wife did not
ask that the reservation be limited when they took
the deed from Sass, in which the latter reserved 25
feet for roadway purposes. They accepted and re-
corded the deed with the unqualified reservation,
and thus estopped themselves and their successors
from denying the use of the road to abutting prop-
erty owners who bought in the belief that they were
entitled to an easement which was necessary so as
to give an appreciable value to the rear part of
lot 3 retained by Sass at the time he gave the deed
containing the reservation. We are not impressed
by the fact that, when the dispute arose, Sass and
the others executed new instruments, dating them
back, in an effort to cut off the easement by omitting
any reference to it in the new deed. Nor do we be-
lieve that Mrs. Setter and her grantees should be

relegated to an action at law against Sass for misrepresentations.

The additional point is raised by counsel of Akers that the original grantee of parcel 3 now owns only the north 3½ acres thereof, which subparcel is in no way adjacent to the way in suit, and, therefore, if a servitude be imposed, its benefit should be confined to the south 1½ acres thereof. A right of way may be appurtenant where the servient tenement is not adjacent to the dominant, according to the rule established in the majority of jurisdictions. See annotation in 76 A. L. R. 597–603, especially the subdivision entitled, "Subdivision of dominant estate," 76 A. L. R. 600. The easement was for the benefit of all land which adjoined the way when it was created, no more, no less. No questions are presented on this record as to the rights or duties as between the owners of the 3½-acre subparcel and those of the 1½-acre subparcel, and we do not pass upon any. We simply hold that both are entitled to the way as against the persons holding the 10-acre tract on the principle that undisclosed intentions furnish no defense to claims of innocent third parties misled by positive word, deed or act.

The testimony is in dispute but we believe that the instruments on record together with the testimony of defendant Setter and Gerald Baril prove that the right of way not only was created but continued to exist.

The decree of the circuit court declaring the easement appurtenant to all of parcel 3 is affirmed, with costs to appellees.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.