## COLLINS v. STEWART.

1. EASEMENT—EXISTING WAY—DE NOVO.
   In considering whether a perpetual way was reserved by grantor in selling property or whether title is conveyed with exception, a distinction is made between a way already in existence and the creation of an easement *de novo*.

2. SAME—PRESUMPTION AS APPURTENANT.
   An easement will not be presumed to be a personal right where it can be construed as appurtenant to some estate.

3. SAME—RESERVATION AS APPURTENANT.
   Where one conveys land reserving the perpetual right of way over a part of the same, the right of way thus reserved is appurtenant to that portion of the land retained by the grantor.

4. SAME—CREATION.
   The word "heirs" is not necessary to create an easement running with the land.

5. SAME—CREATION—WORDS OF INHERITANCE.
   The omission of words of inheritance from the reservation of an easement does not establish an easement in gross to terminate with the death of the grantor who reserves the easement.

6. SAME—WORDS OF INHERITANCE.
   Words of inheritance need not be used when reserving an easement appurtenant, and it will pass to the heirs or assigns of the owner of the dominant tenement.

7. SAME—RESERVATIONS—CONVEYANCE BY GRANTOR.
   Common grantor of plaintiff's lot and defendant's adjacent lots who first conveyed to defendant reserving a right of way over the north side thereof and then conveyed the remaining lot to plaintiff together with the seller's right, title and interest in and to the right of way or easement conveyed an easement appurtenant to lot conveyed to plaintiff.

8. SAME—CONVEYANCE—SUBSEQUENT DECLARATION AGAINST INTEREST.

Grantor of property who reserved an easement in favor of land retained and later conveyed land retained and the then existing easement to plaintiff cannot subsequently extinguish such easement by a declaration against interest.

9. SAME—DECLARATION AGAINST INTEREST—EXPRESS GRANT.

A grantor's subsequent declaration against interest will not bind the grantee of an easement as against an express grant of the easement to him.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted April 9, 1942. (Docket No. 47, Calendar No. 41,949.) Decided June 5, 1942. Rehearing denied July 1, 1942.

Bill by Richard A. Collins against Gertrude Stewart for an injunction to restrain interference in the use of a driveway. Decree for plaintiff. Defendant appeals. Affirmed.

*Raymond H. Dresser,* for plaintiff.

*J. Paul Wait,* for defendant.

BOYLES, J. This is a suit in chancery in which plaintiff seeks a permanent injunction to restrain defendant from interfering with plaintiff's use of a 15-foot strip of land for a driveway. In the court below a decree was entered granting the injunction on the theory the easement was appurtenant, and defendant appeals claiming it was a temporary easement (in gross) terminating with the death of the owner. The situation is shown by the following diagram:

A — Right of way

B — Barn

In 1925 one Ada A. VanVleck owned lots 3 and 5 and the south two rods of lot 4 shown on the diagram. On May 26th of that year she conveyed the north half of lot 5 and two rods off the south half of lot 4 to Thomas and Gertrude Stewart, "reserving a right of way over a driveway 15 feet wide off the north side of said land." Thomas Stewart has since died and his surviving widow holds the title. On lot 3, which the grantor retained, there was an old house and barn, and the driveway in question (marked A) was at that time, and for some time before, used by her tenants in connection with the

barn. The driveway extended from Maple avenue across lot 4 and part of lot 3 to the barn which was used as a garage. In 1930 Mrs. VanVleck sold lot 3 to plaintiff "together with all of the seller's right, title and interest in and to the right of way or easement 15 feet in width extending from the southerly end of said premises to Maple street." Plaintiff at that time was operating a filling station on the north part of lot 4 and after the purchase of lot 3 used the driveway (A) for access to the barn with his trucks. Mrs. VanVleck died in 1934 or 1935. Mrs. Stewart, being advised that the easement reserved by Mrs. VanVleck was temporary and ended with her death, erected an obstruction to prevent plaintiff from using the driveway.

The driveway was already in existence when the easement was reserved by Mrs. VanVleck in her conveyance to defendant. This court, in considering whether a perpetual way is reserved, or title is conveyed with exception, distinguishes between a way already in existence and the creation of an easement de novo. In Bolio v. Marvin, 130 Mich. 82, the conveyance contained a clause "saving and preserving, however, from the operation hereof, the road running along the southerly line of said parcels." This was held to be a reservation of an easement appurtenant, although conveying to the grantee the title in the land itself.

This court recognizes the distinction between easements appurtenant and easements in gross. It was clearly pointed out by Mr. Justice FELLOWS in Smith v. Dennedy, 224 Mich. 378. An easement will not be presumed to be a personal right where it can be construed as appurtenant to some estate. Akers v. Baril, 300 Mich. 619.

Where one conveys land reserving the perpetual right of way over a part of the same, the right of

way thus reserved is appurtenant to that portion of the land retained by the grantor. The word "heirs" is not necessary to create an easement running with the land. *Lathrop* v. *Elsner,* 93 Mich. 599. The omission of words of inheritance from the reservation of the easement does not establish an easement in gross, to terminate with the death of the grantor who reserves the easement. This court held in *First National Trust & Savings Bank* v. *Smith,* 284 Mich. 579 (116 A. L. R. 1074) (quoting from syllabi):

"Tenants in common of corner lot who, at different times, conveyed their interest therein and reserved an easement at rear portion thereof for common use of such parcel together with adjacent parcel they continued to own as tenants in common after divesting themselves of title to the corner parcel *held,* to have created an easement across rear of corner lot for benefit of the adjacent parcel.

"Words of inheritance need not be used when reserving an easement appurtenant, and it will pass to the heirs or assigns of the owner of the dominant tenement."

The language used by Mrs. VanVleck in conveying lot 3 to plaintiff, "together with all of the seller's right, title and interest in and to the right of way or easement 15 feet in width extending from the southerly end of said premises to Maple street," was sufficient to convey the easement to the grantee. *Burling* v. *Leiter,* 272 Mich. 448 (100 A. L. R. 1312). See, also, *Sullivan* v. *O'Brien,* 235 Mich. 245. The lower court was correct in holding that the easement in question was appurtenant and runs with the land.

Defendant attempted to show statements made by Mrs. VanVleck that she had reserved the driveway "as long as she lived," and then cared not what was done with it. Mrs. VanVleck is not a party to

the suit. Her declaration against interest will not bind the plaintiff as against the express grant of an easement to him. Reservation of an easement way for the benefit of grantor's remaining adjacent property and existing at the time of the sale of the remaining property cannot subsequently be extinguished by the former grantor. *Akers* v. *Baril, supra.*

Affirmed, with costs of both courts to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.