## MYERS *v.* SPENCER.

1. EASEMENTS—PRESCRIPTION—EVIDENCE.

   In suit to restrain defendants from obstructing right of way along the side of defendant's land, evidence *held*, insufficient to establish an easement by prescription, where a continuous, uninterrupted and adverse user for 15 years or more was not shown.

2. DEEDS—RESERVATION OF EASEMENT—EXTINCTION.

   The reservation of an easement of way apparently for the benefit of all of grantor's remaining property adjacent to such right of way and existing at the time of the sale of the remaining property cannot subsequently be extinguished by the former grantor.

3. EASEMENTS—CONSTRUCTION—APPURTENANCE.

   An easement will never be presumed to be a personal right where it can be construed as appurtenant to some estate, notwithstanding the silence of the deed.

4. DEEDS—RESERVATION OF EASEMENT—INTENT—ADJACENCY OF LAND RETAINED.

   Where an owner conveys part of his land and reserves an easement over it, without specifying that such easement is to be appurtenant to land retained by him, the surrounding circumstances, including the adjacency of the way to the land retained, may be considered by the court in order to ascertain the intention that the easement was intended to be appurtenant thereto.

5. EASEMENTS—RESERVATION—CONSTRUCTION AS APPURTENANT.

   Easement of way reserved by grantor who was the owner of parcels of land adjacent to such easement is construed as appurtenant to such adjacent and retained lands although such easement is not specified in the reservation as being appurtenant.

Creation of easements by prescription, see 5 Restatement, Property, § 457 *et seq.;* by express conveyance, § 466 *et seq.;* succession, § 487 *et seq.;* running of burdens, § 530 *et seq.*

6. Same—Right of Way to Grantor's Retained Lands.

Where grantor conveyed southerly portion of land subject to right of way "to property owners whose property lies north and northwest of the property" conveyed, the easement was appurtenant to the lands retained by the grantor that were located in direction indicated from the property conveyed notwithstanding subsequent conveyances of dominant estate omitted mention of the appurtenant easement.

7. Same—Creation—Running with Land—Heirs.

The word "heirs" is not necessary to create an easement running with the land.

8. Same—Creation—Omission of Words of Inheritance.

The omission of words of inheritance from the reservation of an easement does not establish an easement in gross to terminate with the death of the grantor who reserves the easement.

9. Same—Words of Inheritance—Passage with Dominant Estate.

Words of inheritance need not be used when reserving an easement appurtenant, and it will pass to the heirs or assigns of the owner of the dominant tenement.

10. Same—Creation—Conveyance.

An easement is an interest in land and may not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing (3 Comp. Laws 1929, § 13411).

11. Same—Conveyance of Estate to Which Appurtenant.

Where an easement is annexed as appurtenant to land either by grant or prescription, it passes as an appurtenance with a conveyance or devise of the dominant estate, although not specifically mentioned in the deed or will, or even without the use of the term "appurtenances," unless expressly reserved from the operation of the grant.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 9, 1947. (Docket No. 23, Calendar No. 43,619.) Decided May 16, 1947.

Bill by Robert W. Myers and others against William Spencer and wife for an injunction restraining interference with a right of way. Decree

for defendants.  Plaintiffs appeal.  Reversed and decree entered for plaintiffs.

*Edward J. Ryan,* for plaintiffs.

*Harry Pell,* for defendants.

BOYLES, J.  This case involves a right of way which plaintiffs claim to have over certain land of the defendants.  The map attached hereto shows the physical aspects of the case.  Plaintiffs own certain land in the city of Otsego, Allegan county, lying, north of Water street, or north of a line extended west from the north boundary of Water street. These parcels are designated on the map by the letters A, B, C and D.  Defendants own the parcel south of Water street, indicated on the map by "Bancroft to Spencer, July 15, 1943."  Plaintiffs claim the right to an easement along the westerly boundary of defendants' property, adjacent to the Grable property.  According to the testimony, a sidewalk was constructed along the west boundary of the Spencer property at the time it was owned by the Bancrofts.  This is the passageway between Water street and Allegan street, along the western boundary of the Spencer property, that is here involved.  Obstructing it, the defendants Spencer erected a barrier and denied plaintiffs the use of this passageway, wherefore the plaintiffs filed the bill of complaint in the instant case to restrain the defendants from interfering with their claimed right of way.  The trial court, after hearing the proofs, held that plaintiffs had not shown they had a right of way, either by grant or by prescription, and entered a decree accordingly from which plaintiffs appeal.  They make no claim of a right of way by necessity, but claim an easement by grant, rely-

ing on certain conveyances, and reservations therein.
Plaintiffs also claim an easement "by virtue of
15 years and more of user or dedication." As to
that claim, however, there is an absence of sufficient
proof of a continuous, uninterrupted and adverse
use for 15 years or more necessary to establish an
easement by prescription, and the circuit judge
properly so found. *Menter* v. *First Baptist Church
of Eaton Rapids,* 159 Mich. 21; *Roberts* v. *Wheelock,*
237 Mich. 689; *Burling* v. *Leiter,* 272 Mich. 448 (100
A. L. R. 1312).

In 1936 the State Savings Bank, of Otsego, was
the owner in fee simple of all the land now owned
by plaintiffs and defendants, with the exception of
the "Carroll" parcel. Water street, as originally
platted, extended from North street westerly to
the eastern boundary of the "Gray-Ledbetter" par-
cel. In 1941 the city acquired title for 50 feet in
width across the Gray-Ledbetter parcel, and right
of way for extension of Water street to the west
for a distance of 243.75 feet.

On January 29, 1936, the bank conveyed that part
of its land which is now owned by the defendants,
the "Bancroft to Spencer" parcel, to the Bancrofts.
The deed recited:

"Subject, however, to a north and south right of
way over the above property to provide ingress
and egress to property owners whose property lies
north and northwest of the property herein con-
veyed."

After the above conveyance to the Bancrofts the
bank remained the owner of the land adjoining on
the north and northwest, namely, the Rush A, B, C,
D and Myers A, B, C parcels, until October of
that year.

On October 17, 1936, the bank conveyed to the
Bancrofts the Myers B and C parcels, "excepting

right of way for extension of Water street if extended, and reserving rights of ingress and egress to adjoining landowners."

On August 31, 1938, the bank conveyed to Rush the Rush A, B and D parcels, shown on the map, by warranty deed, without any exceptions, reservations, or express grant or mention of any right of way.

On June 13, 1939, the Bancrofts conveyed to plaintiffs Myers the Myers B parcel, as shown on the map, said deed reciting, "excepting right of way for extension of Water street if extended, and reserving right of ingress and egress to adjoining landowners."

On June 21, 1941, the bank conveyed to Rush the Rush C parcel, as shown on the map, without mention of any exceptions, reservations, express grant or mention of any right of way.

On July 15, 1943, the Bancrofts conveyed to the Spencers the "Bancroft-Spencer" parcel, reciting in the deed:

"Subject, however, to a north and south right of way over the above property to provide ingress and egress to property owners whose property lies north and northwest of the property herein conveyed."

On June 16, 1945, the bank conveyed its remaining parcel, Myers A, to the plaintiffs Myers, reciting:

"This deed reserves the right of ingress and egress to adjoining landowners."

On October 13, 1945, the Bancrofts conveyed to the plaintiffs Myers the Myers C parcel, the deed reciting, "reserving right of ingress and egress to adjoining landowners."

Summarizing the situation as shown by these various instruments, prior to January 29, 1936, the bank was the sole owner of all the property now owned by the plaintiffs and defendants, except Carroll who owns property north of a line extended west from Water street and whose property is, therefore, "north and northwest" of the property conveyed by the bank to the Bancrofts. The first conveyance of property by the bank, the one to the Bancrofts conveying to them the property now owned by the defendants, on January 29, 1936, recited:

"Subject, however, to a north and south right of way over the above property to provide ingress and egress to property owners whose property lies north and northwest of the property herein conveyed."

The purpose of this reservation becomes plain when the circumstances are considered. The bank still owned property north and northwest of the property conveyed—north of Water street. Residents north of Water street had been going to and from Allegan street either by crossing the land of Mrs. Grable or the land deeded to the Bancrofts, or both. This was their shortcut to Allegan street, instead of going the roundabout way east on Water street to North street, then south on that street. The bank sought to protect a right of way for its remaining property and for other property owners north and northwest of the property then conveyed to the Bancrofts, now owned by the defendants. Thus, the bank reserved an easement across the Bancroft land, which the Bancrofts *subsequently* reserved in conveying the same to the Spencers, and which land thereupon became subservient to the dominant tenement retained by the bank in its re-

maining land north of Water street. A similar situation arose in *Akers* v. *Baril,* 300 Mich. 619, where the Court (syllabi) held:

"The reservation of an easement of way apparently for the benefit of all of grantor's remaining property adjacent to such right of way and existing at the time of the sale of the remaining property cannot subsequently be extinguished by the former grantor. * * *

"An easement will never be presumed to be a personal right where it can be construed as appurtenant to some estate, notwithstanding the silence of the deed.

"Where an owner conveys part of his land and reserves an easement over it, without specifying that such easement is to be appurtenant to land retained by him, the surrounding circumstances, including the adjacency of the way to the land retained, may be considered by the court in order to ascertain the intention that the easement was intended to be appurtenant thereto.

"Easement of way reserved by grantor who was the owner of parcels of land adjacent to such easement is construed as appurtenant to such adjacent and retained lands although such easement is not specified in the reservation as being appurtenant."

See, also, the cases cited and quoted in the latter part of this opinion.

It is apparent that on January 29, 1936, the Bancrofts took the property now owned by the Spencers, subject to an easement over their property, reserved by the bank. On July 15, 1943, the Spencers, defendants herein, took this same property from the Bancrofts, subject to the same easement. This was not a personal right, held solely for the bank, or for the Bancrofts. It was appurtenant to the dominant estate—the property owned by the grantor bank, north and northwest of the property thus

conveyed. *Akers* v. *Baril, supra; Collins* v. *Stewart,* 302 Mich. 1. In the latter case, the Court had for consideration a situation somewhat similar to the case at bar, except that the ultimate grant expressly conveyed an easement. The Court (syllabi) held:

"An easement will not be presumed to be a personal right where it can be construed as appurtenant to some estate.

"Where one conveys land reserving the perpetual right of way over a part of the same, the right of way thus reserved is appurtenant to that portion of the land retained by the grantor.

"The word 'heirs' is not necessary to create an easement running with the land.

"The omission of words of inheritance from the reservation of an easement does not establish an easement in gross to terminate with the death of the grantor who reserves the easement.

"Words of inheritance need not be used when reserving an easement appurtenant, and it will pass to the heirs or assigns of the owner of the dominant tenement."

This brings us to the question whether this easement, reserved by the bank in 1936 and by the Bancrofts in 1943, has passed to, and continues as an easement or right of way possessed by plaintiffs across the Spencer property either (1) by express grant, or (2) by an easement appurtenant, one which runs with the land, without express mention in a conveyance of the dominant estate. As to the first part of this question, there can be no doubt. None of the deeds of conveyance from the bank or the bank's grantees to plaintiffs herein, covering property north or northwest of Water street, *expressly conveyed* any right of way over the property now owned by the Spencers. Some of those conveyances were made *subject* to a right of way, but none ex-

pressly *conveyed* an easement to the plaintiffs as grantees. An easement is an interest in land. *Jeffries* v. *Union Trust Co.*, 248 Mich. 652. An easement may not be "created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing." 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).

In the absence of a way of necessity or by prescription, plaintiffs' claim of an easement must depend upon whether such easement passed to them as an incident of the conveyances to them by, or from, the owner of the dominant estate. As we have said, the right of an easement across the property now owned by the Spencers, reserved by the bank was not personal to the bank. It was appurtenant to the dominant estate owned by the bank.

"A reservation in a deed of a tract of land abutting on a highway, of a perpetual right of way through it to enable the grantor to reach the highway from a parcel of land in the rear of that conveyed, creates an easement appurtenant to the unconveyed land." *Lathrop* v. *Elsner* (syllabus), 93 Mich. 599.

"The owner of a building, the lower story of which was divided by a permanent partition wall into two stores, within one of which a stairway led from the street to the upper story, and into a hall, from which doors led into rooms over each store, conveyed the half of the building within which the stairs were built, and inserted in the deed a clause reserving to the grantor the right to use said stairs and hall in common with the owners of the premises conveyed. And it is held that the reservation created an easement appurtenant to the premises retained by the grantor, which right passed to a subsequent grantee of the said premises." *Walz* v. *Walz* (syllabus), 101 Mich. 167.

"Was the sale void because the right of way in the alley was not specifically sold and described in the sheriff's deed? We do not understand how plaintiff has any cause for complaint in this regard. If the easement was of value, and was not sold, it still belongs to her, free from the mortgage, which was satisfied by the sale. But it seems clear that this easement was appurtenant to the dominant estate, and a description of it was unnecessary, and that it was effectually conveyed as appertaining to the lands described.

" 'Where an easement is annexed as appurtenant to land, it passes as an appurtenance, with a conveyance or devise of the dominant estate, and need not be specifically mentioned in the deed or will.' 14 Cyc. p. 1184." *Flax* v. *Mutual Building & Loan Association of Bay County,* 198 Mich. 676, 688, 689.

In *Smith* v. *Dennedy,* 224 Mich. 378, after quoting many authorities, Mr. Justice FELLOWS writing for the Court said (pp. 383, 384):

"Under the above authorities we are persuaded that we should hold that the easement was appurtenant. It was acquired by prescription, not under the agreement or deed of March 15, 1871, but against any rights of the parties to such agreement; it was of no value except as it was used in connection with the premises then owned by Ross and he had acquired it as 'owner.' Being appurtenant it run with the land and passed to defendant Dennedy under the deed to him."

"It is a general rule of the law of easements that where the owner of two tenements sells one of them, the purchaser takes the portion sold with all the benefits and burdens which appear at the time of the sale to belong to it as between it and the property which the vendor retains." *Smith* v. *Dresselhouse,* 152 Mich. 451, 454.

"When the owner of an entire estate makes one part of it visibly dependent for the means of access upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee as accessorial to the beneficial use and enjoyment of the granted premises." *Bean* v. *Bean*, 163 Mich. 379, 397.

"Counsel for defendants contend that plaintiff did not acquire the way because such easement is neither mentioned nor conveyed in the deed by which he holds title to the land, nor in the deeds of his immediate predecessors. Specific mention of the easement appears in the several mesne conveyances up to 1910, and after that omitted. The easemer ; as an incorporeal hereditament passed to each owner of the land without specific mention thereof in conveyances. Being attached to the estate, and not to the person of the owner of the dominant estate, the easement followed the estate into the hands of subsequent purchasers without specific mention in deeds.

"As stated in 19 C. J. p. 935:

" 'Where an easement is annexed as appurtenant to land either by grant or prescription, it passes as an appurtenance with a conveyance or devise of the dominant estate, although not specifically mentioned in the deed or will, or even without the use of the term "appurtenances," unless expressly reserved from the operation of the grant.' " *Greve* v. *Caron*, 233 Mich. 261, 265, 266.

"The further query arises whether the easement on the Smith property in favor of the bank property passed to the bank by the foreclosure deed given

March 12, 1935. The easement, by the very words of its creation, was not personal or in gross, but was appurtenant to the bank property and would pass with the title. The language creating the easement, hereinbefore quoted, shows that the right of way was for the use of the bank property without regard to whom its owners might be. * * * It has been frequently held that a deed of the land will carry with it an easement appurtenant, created expressly by deed, although it is not specifically mentioned in the conveyance." *First National Trust & Savings Bank* v. *Smith,* 284 Mich. 579, 584, 585, 588.

See, also, *Longton* v. *Stedman,* 182 Mich. 405, and *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich. 569.

We do not consider that the distinction between continuous and noncontinuous easements, referred to in *Burling* v. *Leiter, supra,* and *Dimoff* v. *Laboroff,* 296 Mich. 325, is controlling of decision here.

Plaintiffs have a right of way over the parcel owned by the defendants by virtue of said parcel being the servient tenement. This easement attached to plaintiffs' parcels when reserved by the bank, became appurtenant to the dominant estate, and passed to plaintiffs as grantees of the dominant estate. The decree denying plaintiffs the right of way is reversed and a decree may be entered here in consonance with this opinion, with costs to appellants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.