## TODD v. NOBACH.

1. Easements—Construction.

The law does not favor an easement in gross and a mere personal right will not be presumed when an easement can be construed as appurtenant to some other estate.

2. Same—Construction of Intended Reservation.

Provision of deed that "the party of the second part is to *personally* have the *privilege* of ingress and egress over the west 20 feet" of the land conveyed is not construed as containing words of limitation of the pre-existing right of ingress and egress which the parties had regarded as appurtenant to the property, but rather in recognition of the right.

3. Same—Prescriptive Use—Injunction.

The open, visible, hostile, and notorious use of claimed easement for more than the prescriptive period by plaintiffs and their predecessors would entitle them to injunction against defendant owners of servient estate from interfering with the free and uninterrupted and gateless use and enjoyment by plaintiffs of the right-of-way, where otherwise plaintiffs' property is valueless.

4. Same—Access to Street—Narrow Walkways.

The presence of 10-foot walkways between lots in second tier from lake, which have not been used, and are not adequate for use, by owners of dominant interest in 20-foot easement behind such second tier of lots would not afford proper access to street between the first and second tier of lots nor justify its obstruction by owner of servient interest.

References for Points in Headnotes

[1] 17A Am Jur, Easements § 11.
[2] 17A Am Jur, Easements § 33.
[3] 17A Am Jur, Easements § 117.
[4] 17A Am Jur, Easements §§ 58, 108.
[5] 5 Am Jur 2d, Appeal and Error § 899.
[6] 30A Am Jur, Judgments § 73.

5. APPEAL AND ERROR—PRETRIAL—CONCESSIONS—QUESTIONS REVIEW-
ABLE.

    Concession at pretrial hearing that designated corner was to be
    considered the proper beginning point for all descriptions in
    suit to enjoin obstruction of easement *held,* to have made it
    unnecessary to consider, on appeal, defendants' claim that the
    beginning point for the descriptions was indefinite and con-
    sequently a cloud on· their title.

6. JUDGMENT—PARTIES—USE OF RIGHT-OF-WAY.

    Adjudication may not be had of rights of persons who are not
    parties to suit to enjoin defendants from obstructing right-of-
    way.

Appeal from Montcalm; Davis (Morris K.), J.
Submitted April 3, 1962. (Docket No. 10, Calendar
No. 48,891.) Decided December 7, 1962.

Bill by Walter S. Todd and Sarah M. Todd against
Carl Nobach and Anna Nobach to enjoin interfer-
ence with use of right-of-way as means of ingress
and egress to their property. Decree for plaintiffs.
Defendants appeal. Affirmed.

*Brake & Miel (C. Homer Miel,* of counsel), for
plaintiffs.

*Leighton & Andrews (John L. Leighton,* of coun-
sel), for defendants.

ADAMS, J. This case involves. the existence of a
right-of-way for ingress and egress to and from the
property of the plaintiffs. The facts in this case are
somewhat difficult and can best be understood by
reference to the marginal sketch of Bailey's Shores
and the adjacent acreage.

In October 1925, Anna L. Bailey platted a sub-
division of 22 lots known as Bailey's Shores plat.
There is a 20-foot wide street between the first and
second tier of lots, 10-foot wide walks laid out at in-
tervals between the lots in the second tier, and 5-foot

wide walks laid out at intervals between the lots in the first tier.

On July 1, 1926, Anna L. Bailey deeded to R. M. Bennett the entire acreage involved in this lawsuit which is immediately in back of Bailey's Shores subdivision and which was described as follows:

"A part of the S.W.1/4 of S.W.1/4, commencing at N.E. corner of lot 17, of Plat of Bailey's Shores Clifford Lake; thence N. 45° E., 242.75 ft.; N. 45° W., 198 ft.; S. 45° W., 242.75 ft.; S. 45° E., on E. boundary of the Bailey  *  *  *  Shores Plat, Clifford Lake, sec. 29, T 11 N R 7 W., 198 ft. to place of beginning.

"The party *of the second part* is to personally have the privilege of ingress and egress over the west 20 feet adjoining to the plat of Bailey's Shores above mentioned."   (Emphasis supplied.)

It will be noted that the land conveyed *includes* the 20 feet immediately adjacent to the plat of Bailey's Shores, which is the same 20 feet here in controversy, but that apparently it was the intention of Anna L. Bailey to reserve this 20 feet as a right-of-way similar to the 20-foot private road between the first and second tiers of the plat of Bailey's Shores, granting R. M. Bennett the personal privilege of ingress and egress over it.

On June 22, 1927, Anna L. Bailey conveyed to Romain M. Bennett and wife, lot 16 of Bailey's Shores. This took care of the problem of access from the acreage to the street between the first and second tiers of lots of Bailey's Shores subdivision.

After a series of mesne conveyances, title to a 50-foot parcel sandwiched in between a 35-foot parcel to the south and a 113-foot parcel to the north of the total acreage and the northwesterly 1/2 of lot 16, of Bailey's Shores, vested on June 22, 1936, in the defendants by conveyance from one William

Loutsenhizer. The reservation in this deed reads as follows:

"The parties *of the second part* are to have the privilege of ingress and egress over the west 25 feet adjoining the plat of Bailey's Shores above mentioned." (Emphasis supplied.)

Thus, in this deed the error, contained in the earlier deeds, was repeated in that here again there was a conveyance of the lands over which purportedly a right-of-way was granted to the very parties to whom the land was conveyed.

On July 18, 1935, conveyance was made of the southeast 35 feet of the acreage of Daniel G. Dakin and wife to William H. Loutsenhizer. This deed contains a reservation and exception for the benefit of Daniel G. Dakin and Gladys I. Dakin of the personal privilege "of ingress and egress over the west 20 feet adjoining the plat of Bailey's Shores, above mentioned." The Dakins were at that time the owners of the parcel now owned by the plaintiffs. It should be noted that the reservation could apply only to the 35-foot parcel conveyed and that the Dakins would, as in the past, still have to traverse the 50-foot parcel immediately adjacent to their property in order to have ingress and egress to and from their property. Consequently, for the first time in 1935, did any of the 20 feet adjacent to Bailey's Shores plat in fact become the servient estate *by a written instrument*. The parcel was conveyed to defendants by Loutsenhizer on June 22, 1936 with the same reservation.

The Dakins retained their property until conveyance to plaintiffs on February 16, 1948, from the estate of Gladys I. Dakin. Conveyance of the 113-foot lot and the southeasterly 1/2 of lot 16 of Bailey's Shores includes the following language: "Together with the right of ingress and egress over the west

20 feet of land adjoining to the east of the plat of 'Bailey's Shores' above mentioned."

From the time when plaintiffs purchased the property in 1948, they claimed the use of the right-of-way. Defendant was questioned on this point, as follows:

"*Q.* Did he assert he was claiming the right to use that at that time?

"*A.* Yes, I guess he did."

Difficulty with regard to the easement first occurred in 1955 when a log was put across the right-of-way by the defendants. In 1958, the right-of-way was blocked with a rope and a "no trespass" sign, and later in that year iron fence posts were placed across the road to prevent passage of an automobile. Suit was begun December 24, 1958, to enjoin the defendants from interfering with the plaintiffs' ingress and egress over the west 20 feet of defendants' lands in order to reach their own property.

Defendants' 50-fot parcel had first become a separate property on May 1, 1928. It was subjected to the easement of right-of-way from that time forward. The use was open, visible, hostile, notorious and clearly beyond the prescriptive period unless it can be said that the period of prescription was broken by the conveyance on July 18, 1935, of the 35-foot parcel in which conveyance the Dakins reserved to themselves "to personally have the privilege of ingress and egress over the west 20 feet adjoining the plat of Bailey's Shores, above mentioned." Was the use a personal one by virtue of this reservation? The law does not favor an easement in gross and a mere personal right will not be presumed when an easement can be construed as appurtenant to some other estate. 28 CJS, Easements, § 4, p 638. *Walz* v. *Walz,* 101 Mich 167; *Lathrop* v. *Elsner,* 93 Mich 599; *First National Trust & Savings Bank* v. *Smith,*

284 Mich 579 (116 ALR 1074). The Dakins and their predecessors in title had used the way for ingress and egress to their property as one appurtenant without any specified valid grant. Without a right of ingress and egress, the property of the plaintiffs would have been valueless. Under the circumstances, the words "personal privilege" should not be construed to be words of limitation of the pre-existing right of ingress and egress which apparently the parties had regarded as appurtenant to the property, but rather as a recognition of said right. Even if there was not an implied easement appurtenant to the property, the proofs are clear that there was an uninterrupted open, visible, hostile, and notorious use for well beyond the prescriptive period. Consequently, the decree of the trial court enjoining the defendants from interfering in any way with the free and uninterrupted use and enjoyment by the plaintiffs of the right-of-way was correct.

We find no merit in the present contention of the defendants that the plaintiffs may have access from the street to their property by means of one of the walkways. The walkways are only 10 feet in width. They are part of the lawns of the adjoining property owners. They have never been used for vehicular traffic and would be wholly inadequate for the same.

Neither do we find any merit in the contention that the plaintiffs' use should be limited by placing a gate across the right-of-way since such a device appears never to have been in the contemplation of the parties and would tend to curtail considerably free ingress and egress to and from the property.

The pleadings of the defendants raised the issue as to whether or not the beginning point for the descriptions was indefinite and consequently a cloud had been created on their title. At the pretrial it was agreed that the proper beginning point for all

of the descriptions was "the corner that is common to both lots, 16 and 17, and the northeast corner of lot 17, for the purpose of the suit, be considered the common corner of lots 16 and 17." With this concession, any questions raised by the defendants' cross-bill went out of the case and are not considered here.

The real difficulty in this matter appears to have been not between the plaintiffs and the defendants, but between the defendants and other persons, apparently owners of land to the north of plaintiffs who make use of the right-of-way across defendants' property. We make no attempt to adjudicate or determine the rights of any persons except the parties to this lawsuit. The trial court did not pass upon, and this Court does not pass upon, the rights of the public or of any other property owner.

Affirmed. Costs to plaintiffs and appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.