GREVE v. CARON.

1. Easements — Equity Will Protect Easement Created by Grant if it Can be Located by Intendment.

 Although equity will not interfere to protect an unlocated or indefinite right of way, especially one claimed by prescription, the rule admits of exceptions, and, in case the

On abandonment or loss of private way by nonuser or improvement inconsistent with its use, see notes in 22 L. R. A. (N. S.) 880; 42 L. R. A. (N. S.) 741.,

Loss of easement by nonuser, see notes in 1 A. L. R. 887; 9 A. L. R. 425.

way is by grant, and the terms thereof locate the same by clear intendment, equity will not fail to recognize the evident and necessary designation of the way.[1]

2. SAME—GRANT OF EASEMENT NOT TOO INDEFINITE—COMMON SENSE CONSTRUCTION.

A grant of a city lot, "together with the right of an alley in the rear," where the way is capable of determinate location under a common sense view of the grant and the situation of the dominant and servient estates at the time of the creation of the easement, is not too indefinite to create an easement by grant.[2]

3. SAME—EASEMENT IN LAND PASSES AS APPURTENANCE WITHOUT EXPRESS MENTION UNLESS RESERVED.

An easement of a right of way in an alley passed as an appurtenance with the conveyance of the dominant estate, where not expressly reserved, although it was not specifically mentioned in the deed.[3]

4. SAME—NOT LOST BY NONUSER WITHOUT INTENTION TO ABANDON.

An easement appurtenant to land, created by grant in a deed, is not lost by nonuser, nor can abandonment be predicated upon nonuser without evidence establishing an intention to release the servient estate and extinguish the easement.[4]

5. SAME—SLIGHT USE INSUFFICIENT TO SHOW ABANDONMENT.

Evidence *held*, insufficient to show an intention to abandon an easement in an alley, justifying holding that the way has been extinguished, although user of the way may have been slight because the need thereof was little.[5]

6. SAME—DO NOT CARRY TITLE TO LAND.

Easements do not carry any title to the land over which the easement is exercised, and work no dispossession of the owner.[6]

7. SAME—MAINTENANCE OF GATE DID NOT EXTINGUISH EASEMENT.

The maintenance of a gate across an alleyway at the street, even though continuous, would not constitute an obstruction to the way or result in its loss by ouster or adverse possession, if it permitted use of the way, since the owner of the servient estate may make any use of the premises not inconsistent with the easement.[7]

---

[1]Easements, 19 C. J. § 91; [2]Id., 19 C. J. § 203; [3]Id., 19 C. J. § 141; [4]Id., 19 C. J. § 151; [5]Id., 19 C. J. § 198; [6]Id., 19 C. J. § 200; [7]Id., 19 C. J. §§ 167, 225.

8. SAME — APPARENT WAY SUFFICIENT NOTICE TO GRANTEE OF
SERVIENT ESTATE.

> Right of way in an alley, *held*, sufficiently apparent to
> bring notice of its existence to the grantee and her prede-
> cessors in title of the servient estate, or at least to put
> them upon inquiry.[8]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted October 21, 1925.    (Docket No. 47.)    De-
cided December 22, 1925.

Bill by John F. Greve against Anna L. B. Caron and
others to establish an easement in an alley and to
enjoin interference therewith.    From a decree dis-
missing the bill, plaintiff appeals.    Reversed, and
decree entered for plaintiff.

*George H. Cross,* for plaintiff.

*Cross, Foote & Sessions,* for defendant.

WIEST, J.    Plaintiff claims there is a private alley
at the rear of and appurtenant to his property and
across the rear of defendant's property, to Division
street, in the village of Whitehall, and filed the bill
herein to have it so decreed and interference with his
enjoyment thereof enjoined.    In the circuit the bill
was dismissed and the case is here by appeal.

Defendant Anna L. B. Caron owns a corner lot
with a frontage of 53 feet on Colby street, and a depth
of 80 feet along Division street, upon the north 60
feet of which there is a building, erected in 1876.
Defendants William F. and Zora B. Bailey occupy
this building as tenants, and it is proposed to build
on the south 20 feet of the lot.    In this opinion
Anna L. B. Caron will be referred to as defendant.
Plaintiff owns an inside lot fronting 27 feet on Colby
street, and having a depth of 70 feet, upon which

[8]Easements, 19 C. J. § 146.

there is a building 21 feet wide and 60 feet in length, erected in 1873. Plaintiff's and defendant's lots are separated by a 3-foot strip of land, evidently overlooked in early transfers. The north 60 feet of defendant's property is a part of lot 1, block 15, of the village and the south 20 feet thereof a part of lot 2 of the same block. The north 60 feet of plaintiff's property is also a part of lot 1, and the south 10 feet a part of lot 2. In 1875, the owners of lots 1 and 2 commenced subdividing and sold, by metes and bounds, to a predecessor of plaintiff, the premises now owned by plaintiff, "together with the right of an alley in the rear." The alley so granted, to be of use to the purchaser, had to run back of plaintiff's premises and then west 56 feet, across the rear 10 feet of defendant's premises, to Division street. This purpose was also manifested by one of the same grantors in 1878 (and then the owner of lot 2, except the 10 feet thereof at the rear of plaintiff's lot), deeding the south 40 feet of lot 2 to Lucy Goodrich, "with a right of way for an alley 10 feet wide upon the land adjoining thereof on the north side, the said alley to extend along the whole line of the north line of said land." This designated an alley 10 feet wide immediately at the rear of plaintiff's premises and across the south 10 feet of the land now owned by defendant.

Counsel for defendants contend that the words "together with the right of an alley in the rear," are too indefinite to create an easement by grant; citing *Fox* v. *Pierce*, 50 Mich. 500. While it is true that equity will not interfere to protect an unlocated or indefinite right of way, especially one claimed by prescription, the rule, of course, admits of exceptions, and, in case the way is by grant, and the terms thereof locate the same by clear intendment, equity will not be so blind as to fail to recognize the evident and

necessary designation of the way. This way is capable of determinate location under a common sense view of the grant and the situation of the dominant and servient estates at the time of the creation of the easement. It would evidence want of perception of the obvious to hold that the grant of "right of an alley in the rear" was one limited to the lines of the premises sold and afforded no access to the street.

In *McConnell* v. *Rathbun,* 46 Mich. 303, there was a grant in a deed of "the right of way of an alley 10 feet wide on the rear end of said 82 feet." There the claim was made "that the grant is of the use of an alley whose length was to be measured by the width of the lot conveyed." This court stated:

"But all grants must be construed reasonably, and in the light of the surrounding circumstances. The easement granted was 'a right of way of an alley;' and this *ex vi termini* implies, we think, a passageway leading away from the land conveyed. It would be a misnomer to call a mere open space ten feet wide in the rear of this land, shut in on all other sides by lands over which the grantee had no right to pass, either a right of way or an alley. It might be a convenient space to use for some purposes, but certainly not for a right of way."

Counsel for defendants contend that plaintiff did not acquire the way because such easement is neither mentioned nor conveyed in the deed by which he holds title to the land, nor in the deeds of his immediate predecessors. Specific mention of the easement appears in the several mesne conveyances up to 1910, and after that omitted. The easement as an incorporeal hereditament passed to each owner of the land without specific mention thereof in conveyances. Being attached to the estate, and not to the person of the owner of the dominant estate, the easement followed the estate into the hands of subsequent purchasers without specific mention in deeds.

As stated in 19 C. J. p. 935:

"Where an easement is annexed as appurtenant to land either by grant or prescription, it passes as an appurtenance with a conveyance or devise of the dominant estate, although not specifically mentioned in the deed or will, or even without the use of the term 'appurtenances,' unless expressly reserved from the operation of the grant."

See *Lathrop* v. *Elsner,* 93 Mich. 599; *Walz* v. *Walz,* 101 Mich. 167; *Flax* v. *Mutual Building & Loan Ass'n,* 198 Mich. 676; *Smith* v. *Dennedy,* 224 Mich. 378; Jones on Easements, § 22.

It is also urged in behalf of defendants that the easement, if it ever existed, has been lost by abandonment and adverse possession.    While user of the way may have been slight, because the need thereof was little, yet we find no evidence showing an intention to abandon or of nonuser justifying the holding that the way has been extinguished.    This court held in *Lathrop* v. *Elsner, supra,* that: "Mere nonuser for 20 years does not extinguish an easement."    An easement appurtenant to land, created by grant in a deed, is not lost by nonuser nor can abandonment be predicated upon nonuser, without evidence establishing an intention to release the servient estate and extinguish the easement.

In considering the question of whether the easement has been lost by adverse possession, it is well to have in mind the fact that "easements do not carry any title to the land over which the easement is exercised, and work no dispossession of the owner."    19 C. J. p. 966. Defendant and her predecessors had an undoubted right to make any use of the premises not inconsistent with the easement.    The maintenance of a gate across the way at the street, even though continuous, would not constitute an obstruction to the way or result in the loss of the way by ouster or adverse possession.

*Murphy Chair Co.* v. *Radiator Co.*, 172 Mich. 14, 29. The grant of the way did not prevent the owners of the servient estate from maintaining a gate.

As owner of the soil defendant and her predecessors had all the rights and benefits of ownership consistent with the easement. Placing a gate at the street entrance to the way was the exercise of a right consistent with ownership of the soil if the gate permitted use of the way. *Wille* v. *Bartz*, 88 Wis. 424 (60 N. W. 789) ; *Dyer* v. *Walker*, 99 Wis. 404 (75 N. W. 79).

The fact that owners of the servient estate used some portion of the way for a garden, built a cesspool under the way, put up a clothes pole, a boy's toboggan slide, and used the alley in other ways for their own convenience, but not in such a way as to prevent use thereof by the owners of the dominant estate, established no prescriptive right as against the easement. As stated by plaintiff's attorney in the brief: "The owner of the servient estate retains the right to use it in any manner that does not interfere with the easement." *Harvey* v. *Crane*, 85 Mich. 316 (12 L. R. A. 601) ; *Murphy Chair Co.* v. *Radiator Co., supra.*

At no time could the owner of the dominant estate exclude the owner of the servient estate from using the way in any manner desired so long as there was no serious interference with the reasonable exercise of the easement. Plaintiff and his predecessors never had title to the land included in the way, and it was none of their concern what use was made thereof by the owner of the soil so long as such use did not obstruct the way. We find no evidence establishing any hostile prevention of use of the way by any acts or constituting abandonment of the way because of them.

We think the way was sufficiently apparent to bring notice of its existence to defendant and her predecessors in title, or at least put them upon inquiry.

The record title of the 10 feet of defendant's land over which the way runs has, since 1878, shown the alleyway.    It must be held that the easement appurtenant to plaintiff's land extends across the south 10 feet of defendant's land and plaintiff is entitled to an injunction restraining defendants from obstructing such way by the erection of a building or in any other manner.

The decree in the circuit is reversed, and a decree will be entered in this court in accordance with this opinion.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.