NICHOLLS v. HEALY

1. EASEMENTS—RIGHT OF WAY—DEFINITION.
   A right of way is an easement on another's land.

2. EASEMENTS—DEFINITION.
   An easement is a right, liberty, privilege, or advantage without profit, which one land proprietor may have in another's land.

3. EASEMENTS—GRANT—VALIDITY.
   A valid grant of easement requires that there be a right vesting in a grantee to use land of another for a specific purpose consistent with a general property in the other owner.

4. EASEMENTS—WATER LINE CONSTRUCTION, MAINTENANCE—PASSAGE RIGHTS.
   A grant of a five-foot right of way over defendants' land, together with the right to enter and to construct and maintain a water line on that land, cannot be said as a matter of law to have been an easement conveying only the right to install and maintain a water line on the land, in the absence of any testimony or other evidence to support a factual finding that the easement was only for that purpose.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 6, 1969, at Marquette. (Docket No. 6,087.)   Decided December 3, 1969.

Complaint by William Lloyd Nicholls and Kathleen Nicholls against John D. Healy and Eleanore

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Easements and Licenses § 7.
[2] 25 Am Jur 2d, Easements and Licenses § 1.
[3] 25 Am Jur 2d, Easements and Licenses §§ 1, 2, 14.
[4] 25 Am Jur 2d, Easements and Licenses § 23.

T. Healy for possession of an easement on defendants' land. Judgment for defendants. Plaintiffs appeal. Reversed and remanded with instructions.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Norman McLean,* for defendants.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

Per Curiam. This case involves an action for possession of a narrow strip of land, located in Houghton County. In 1938 plaintiffs' and defendants' respective predecessors in title received, by deeds, parcels of land from a common grantor. Plaintiffs subsequently became owners and possessors of the interest of their predecessor in title, including a grant of easement over a portion of the real estate now owned by defendants. The easement was originally granted in the following terms:

"* * * a right-of-way five (5) feet in width along the south boundary of the premises hereinbefore described, together with the right to enter thereon and construct and maintain a water line * * *"

Defendants constructed a tool-shed outbuilding-type structure over and upon the land which is the subject matter of plaintiffs' claimed right of way. Plaintiffs requested defendants to remove the obstruction. Upon refusal plaintiffs brought this action.

A nonjury trial on the matter was had in the Houghton county circuit court. Plaintiffs requested a judgment for possession of the premises and an order requiring defendants to remove the building which obstructed their right of way. On July 30,

1968, the court granted judgment for defendants stating in its findings of fact:

"The plaintiffs' easement and right of way is for the purpose of constructing and maintaining a water line only. The defendants' right, title and interest to the fee is superior to that of the plaintiffs. The plaintiffs' easement and right of way or interest is still a valid interest."

The issue to be determined is as follows:

*Did the trial court properly rule that the grant of easement was to be solely and exclusively for the purpose of constructing and maintaining a water line?*

It is plaintiffs' contention that the language used in the grant of easement expresses a two-fold purpose; namely, a grant of a five-foot-wide right of way along the south boundary of defendants' premises and, in addition thereto, the right to enter on the premises to construct and maintain a water line. Defendants counter by stating that if plaintiffs' contention is correct, the language in the grant of easement was redundant, the use of the words "together with" and "and" being unnecessary. The right of plaintiffs to use the five-foot strip to install and maintain a water line is not contested by defendants.

In 54 CJ, Right of Way, § 2, p 824, a "right of way" is defined as follows:

"In its restricted use and technical sense, a right of way is a mere easement on the lands of others; a mere incorporeal right; an easement;   *   *   *"

An "easement" is defined in 19 CJ, Easements, § 1, p 862, in the following manner:

"An easement is a liberty, privilege, or advantage without profit, which the owner of one parcel of land may have in the lands of another;   *   *   *   Again

an easement or a servitude has been defined as a right which one proprietor has to some profit, benefit, or beneficial use, out of, in, or over the estate of another proprietor."

See *Morrill* v. *Mackman* (1872), 24 Mich 279, 284; *McClintic-Marshall Co.* v. *Ford Motor Co.* (1931), 254 Mich 305, 317. Inherent in a valid grant of easement is the requirement that there be a right vesting in the grantee to use land of another for a specific purpose consistent with a general property in the owner. See 14 Words and Phrases, p 48; 25 Am Jur 2d, Easements and Licenses, § 1, p 416; *St. Cecelia Society* v. *Universal Car & Service Co.* (1921), 213 Mich 569, 576, 577.

The trial judge made a finding of fact that the easement "is for the purpose of constructing and maintaining a water line only." In reviewing the record we find there is no testimony or other evidence supporting this finding of fact. It cannot be said as a matter of law that the easement is restricted to use for the construction and maintenance of a water line only. It would appear that plaintiffs obtained rights of passage in addition to the right to install the water line. Black's Law Dictionary (4th ed), Right of Way, p 1489.

We remand to the trial court for further proceedings and findings of fact including consideration of the issue of adverse possession which the court has not ruled upon but which was raised in the pleadings.

Remanded for further proceedings consistent with this opinion.