### NICHOLLS *v.* HEALY

1. EASEMENTS—ADVERSE POSSESSION—SERVIENT OWNER'S USE OF EASEMENT.

Use of an easement by the owner of the servient estate will not ripen into adverse possession unless such use is inconsistent with the easement; the owner of the servient estate has a right to make any use of the premises not inconsistent with the easement.

2. EASEMENTS—ADVERSE POSSESSION—SERVIENT OWNER'S USE OF EASEMENT.

Extensive use by the servient estate owners and their predecessors in title of plaintiffs' easement, a right of passage, did not extinguish the easement by adverse possession where none of the uses interfered with or seriously blocked plaintiffs' right of passage, because none of the acts evidenced hostile prevention of plaintiffs' rights.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 November 2, 1971, at Grand Rapids. (Docket No. 10224.) Decided December 6, 1971.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Easements and Licenses § 49 *et seq.*

Complaint by William L. Nicholls and Kathleen Nicholls against John D. Healy and Eleanor T. Healy to compel removal of obstructions of plaintiffs' easement. Judgment for defendants, eliminating plaintiffs' easement of passage but subjecting the land to an easement for the construction and maintenance of a waterline. Plaintiffs appeal. Reversed and remanded with instructions.

*Wisti & Jaaskelainen,* for plaintiffs.

*McLean & McCarthy,* for defendants.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

R. B. BURNS, P. J. The basic issue in this case is whether defendants' evidence at trial level was sufficient to extinguish plaintiffs' easement on the theory of adverse possession.

Plaintiffs' five-foot-wide easement was created by a deed and runs over the defendants' property. The trial court eliminated plaintiffs' rights of passage over the easement but preserved their right to construct and maintain a waterline.[1]

In Michigan use of an easement by the owner of the servient estate will not ripen into adverse possession unless such use is inconsistent with the easement. *Greve* v. *Caron* (1925), 233 Mich 261; *Harr* v. *Coolbaugh* (1953), 337 Mich 158.

The defendants have an "undoubted right to make any use of the premises not inconsistent with the easement". *Greve* v. *Caron, supra,* p 266.

---

[1] The trial court preserved plaintiffs' easement over the five-foot-wide strip as it pertained to the construction and maintenance of a waterline because of this Court's determination in this case's prior appearance before this Court. *Nicholls* v. *Healy* (1969), 20 Mich App 393.

The record reveals extensive use of the easement by defendants and their predecessors in title. Two rows of trees were planted along the length of the easement, a privy was erected on the easement, for a period of time a bathhouse stood on the strip, and prior to the time the land was sold to defendants' predecessor in title a fence was constructed along one end of the strip. A careful review of the testimony, however, indicates that none of these uses interfered with plaintiffs' rights of passage. None of the uses seriously blocked passage on the strip. A gate had been put in the fence and was eventually removed. Even if not removed, maintenance of a gate across the right of way if it permitted use of the way "would not constitute an obstruction to the way or result in the loss of the way by ouster or adverse possession". *Greve* v. *Caron, supra,* pp 266–267.

Strictly construing the evidence supporting the claim of adverse possession, as we must (*Martin* v. *Arndt* [1959], 356 Mich 128), we find that the record here fails to establish acts evidencing hostile prevention of the plaintiffs' rights of passage.

Reversed and remanded for entry of judgment in accordance with this opinion. Costs to plaintiffs.

All concurred.