332 S.E.2d 266

**Harold Eugene WHITE and Helen White**

v.

**Edward LAMBERT, Helen Lambert, and Anthony Lambert.**

**No. 16476.**

Supreme Court of Appeals of West Virginia.

June 27, 1985.

Ben B. White, III, Princeton, for appellant.

William Flanigan, Sanders, Austin & Swope, Princeton, for appellee.

PER CURIAM:

This appeal involves a dispute over the ownership of a portion of a right-of-way. The plaintiffs below, Harold and Helen White (hereinafter the Whites), are appealing from a final judgment of the Circuit Court of Mercer County which granted a permanent injunction preventing them from expanding an existing roadway leading to their former residence on the basis that the appellees, Edward, Helen, and Anthony Lambert (hereinafter the Lamberts), had acquired a portion of the right-of-way by adverse possession. For the reasons that follow, we affirm.[1]

The basic facts are not in dispute. A sixteen foot right-of-way was created by a deed executed in 1939 between J.H. Roland and Zora Roland, his wife, the Lamberts' predecessors in title, and J.H. Wynn, the Whites' predecessor in title, authorizing Mr. Wynn and his successors to use a sixteen foot easement for ingress and egress to the property. The Lamberts acquired and took possession of the servient estate in 1945, and the Whites acquired their property, the dominant estate, in 1969.

Since its creation, the full width of the right-of-way has not been used as a road. A well defined eight-to-ten foot wide portion of the right-of-way was used as a road for many years. The unused portion of the right-of-way was used by the Lamberts and their predecessors in title as if it were their own. The Lamberts claimed an exclusive right to the use of this property. A fence was built within the right-of-way running most of the length of the road. They used a portion of the easement as their lawn, planted shrubs and trees, buried a water line, and built or maintained a shed all within the unused portion of the easement.

Based on this evidence of adverse use, the trial court found that the Lamberts had made open, notorious, exclusive, and uninterrupted use of the land outside the eight-to-ten foot roadway and within the deeded easement for a period in excess of ten years. It, therefore, held that under the law of adverse possession the Whites' easement beyond the existing roadway was extinguished. The trial court further con-

---

1. The Lamberts have filed a motion to dismiss this appeal as moot because the Whites sold their interest in their homestead shortly after this Court agreed to hear this appeal and the new owners released any claim to the disputed area. The Whites resist stating that they have financed the sale and have a prior lien on the property. We decline to discuss this issue in view of the fact that we affirm the trial court's ruling in favor of the Lamberts.

cluded that the Whites' easement was extinguished by their failure to use the full width of the easement for more than ten years.

The Whites present two issues on appeal: (1) whether property can be acquired through adverse possession where no "color of title" exists; and (2) whether a right-of-way granted by deed can be extinguished by non-use of a portion of the easement for a continuous period of more than ten years.

■■■ Because we conclude that the trial court correctly ruled on the adverse possession issue, we need not address the non-use of a deeded easement question. We stated the elements for a valid claim of adverse possession in Syllabus Point 3 of *Somon v. Murphy Fabrication & Erection Co.*, 160 W.Va. 84, 232 S.E.2d 524 (1977), as follows:

"One who seeks to assert title to a tract of land under the doctrine of adverse possession must prove each of the following elements for the requisite statutory period: (1) That he has held the tract adversely or hostilely; (2) That the possession has been actual; (3) That it has been open and notorious (sometimes stated in the cases as visible and notorious); (4) That possession has been exclusive; (5) That possession has been continuous; (6) That possession has been under claim of title or color of title."

The law is clear that a claim of adverse possession can be made on an express easement, as we stated in Syllabus Point 1 of *Higgins v. Suburban Improvement Co.*, 108 W.Va. 531, 151 S.E. 842 (1930):

"Adverse possession of a right of way granted by deed must be hostile at its inception, adverse, actual, visible, open, notorious, exclusive, under claim of own-

ership and continuous for the statutory period."

*See* Annot., 25 A.L.R.2d 1265 (1952).

The Whites contend that one may not acquire property by adverse possession unless it is shown that the person relying on that theory entered upon the land under "color of title." The Whites do not challenge the trial court's findings and conclusions as to the other necessary elements.

The sixth element of the *Somon* formulation can be satisfied by showing possession under either "claim of title" or "color of title." We observed in note 4 of *Somon* that the terms "claim of title" and "color of title" are distinct legal concepts,[2] and in the text of the opinion, we discussed the distinction between the two concepts as follows:

"While the courts have not been entirely consistent in observing the distinction between the concept of claim of right and color of title, there is a generally recognized difference. *See* 3 Am.Jur.2d *Adverse Possession* §§ 100, 105; 2 C.J.S. *Adverse Possession* §§ 60, 67. A claim of title has generally been held to mean nothing more than that the disseisor enters upon the land with the intent to claim it as his own. *Heavner v. Morgan*, [41 W.Va. 428, 23 S.E. 874 (1895)]. Whereas, 'color of title' imports there is an instrument giving the appearance of title, but which instrument in point of law does not. In other words, the title paper is found to be defective in conveying the legal title. *Stover v. Stover*, 60 W.Va. 285, 54 S.E. 350 (1906)." 160 W.Va. at 91–92, 232 S.E.2d at 529.

■■ In this case, the evidence of the Lamberts' adverse use of a portion of the deeded right-of-way for more than ten years is sufficient to establish a "claim of title." Although the trial court in his letter opinion and order used the phrase "color of title" rather than "claim of title," we believe this was done inadvertently since the

---

2. Note 4 of *Somon,* 160 W.Va. at 90, 232 S.E.2d at 528, provides:

"Some courts use the term 'claim of right' in lieu of claim of title. Both phrases are synonymous and are distinct from the principle of 'color of title.' The latter phrase denotes that

the disseisor possesses some type of written title paper; whereas under the concept of claim of title or right, the disseisor has no title paper but a mere naked assertion of ownership. *See* 5 Thompson, *Real Property* § 2549; 4 Tiffany, *The Law of Real Property* § 1147."

**256**

relief granted by the court was limited to the physical area over which the Lamberts exercised actual dominion.

We, therefore, affirm the judgment of the Circuit Court of Mercer County.

Affirmed.