James CHAPMAN, Plaintiff–Appellant,

v.

Gerald L. WILLEY and Judy A. Willey, Defendants–Appellees.

No. 04CA1299.

Colorado Court of Appeals.
Division V.

March 23, 2006.

Law Offices of W.A.M. Al–Haqq, P.C., W.A.M. Al–Haqq, Denver, Colorado, for Plaintiff–Appellant.

Walberg, Dagner & Tucker, P.C., Bruce B. McLarty, Englewood, Colorado, for Defendants–Appellees.

RUSSEL, J.

In this premises liability action, plaintiff, James Chapman, appeals from the trial court's judgment in favor of defendants, Gerald L. and Judy A. Willey. Plaintiff contends that the trial court erred in granting a directed verdict against him after determining that he was a trespasser at the time of his injury. We affirm.

## I.  Background

Plaintiff drove to defendants' motel to pick up his wife. There, he argued with a man who was staying at the motel. Plaintiff left with his wife, but he later returned alone and got into a fight with the same man. During the scuffle, plaintiff fell down a flight of stairs and was seriously injured.

Plaintiff filed a personal injury action against defendants, asserting various common law claims. The trial court ruled that plaintiff's exclusive remedy lay under the premises liability statute, § 13–21–115, C.R.S.2005.

The case was tried to a jury. At the conclusion of the evidence, the trial court ruled that plaintiff had been a trespasser at the motel when he was injured. On the basis

of this ruling, the court granted defendants' motion for a directed verdict.

## II. Discussion

■ A directed verdict may be granted only where the evidence "compels the conclusion that reasonable persons could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been presented upon which a jury's verdict against the moving party could be sustained." *Flores v. Am. Pharm. Servs., Inc.*, 994 P.2d 455, 457 (Colo.App.1999).

■ In evaluating a trial court's ruling on a motion for directed verdict, we consider the evidence in the light most favorable to the nonmoving party. *Flores v. Am. Pharm. Servs., Inc., supra.*

### A. Plaintiff's Status

The premises liability statute defines three categories of plaintiffs who are injured on another's property:

(a) "Invitee" means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

(b) "Licensee" means a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. "Licensee" includes a social guest.

(c) "Trespasser" means a person who enters or remains on the land of another without the landowner's consent.

Section 13–21–115(5), C.R.S.2005.

■ The trial court determines whether a plaintiff was an invitee, a licensee, or a trespasser at the time of the injury. Section 13–21–115(4), C.R.S.2005. We review the court's determination as a mixed question of fact and law. We defer to the court's credibility determinations and will disturb its findings of historical fact only if they are clearly erroneous and not supported by the record. *Vento v. Colo. Nat'l Bank–Pueblo*, 907 P.2d 642, 646 (Colo.App.1995). We review de novo the court's application of the governing statutory standards. *See Anderson v. Hyland Hills Park & Recreation Dist.*, 119 P.3d 533, 535–36 (Colo.App.2004) (application of factual findings to the issue of duty under the premises liability statute is a question of law).

■ Here, the trial court found that plaintiff had a standing invitation from a motel resident to enter the property for social visits. However, the court also found, on the basis of conflicting testimony, that plaintiff had returned to the motel, not for a social visit, but for the purpose of fighting the man with whom he had previously argued. Because this purpose was outside the scope of permission given by the motel resident, and because plaintiff was not on the premises for any other lawful reason, the court determined that plaintiff was a trespasser when he was injured.

After reviewing the record, we conclude that the trial court's factual findings are supported by the evidence. *See People v. Thirty–Three Thousand Two Hundred & Twelve Dollars*, 83 P.3d 1206, 1211 (Colo.App.2003) (appellate court will not disturb a trial court's findings based on a determination of the credibility of witnesses).

In light of these findings, we further conclude that the trial court correctly determined that plaintiff was a trespasser. Although permitted to visit the motel for certain purposes, plaintiff became a trespasser when he returned to the motel for the purpose of fighting. *See Special Force Ministries v. WCCO Television*, 584 N.W.2d 789, 792 (Minn.Ct.App.1998) ("A permitted entrant may become a trespasser by exceeding the scope of consent."); *Rich v. Tite–Knot Pine Mill*, 245 Or. 185, 421 P.2d 370, 374 (1966) ("A person who comes on another's premises may be a licensee or invitee for one purpose or part of the premises and not for another."); *see also Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St.3d 312, 662 N.E.2d 287, 292 (1996); *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145, 150

(1991); Restatement (Second) of Torts § 332 cmt. 1 (1965).

### B. Duty of Care

As a trespasser, plaintiff could recover only if the evidence supported a reasonable inference that defendants "willfully or deliberately" caused his injuries. Section 13–21–115(3)(a), C.R.S.2005; *Vigil v. Franklin,* 103 P.3d 322, 328 (Colo.2004).

Here, after considering the evidence in the light most favorable to plaintiff, the trial court determined that there was no evidence from which the jury could infer that defendants willfully or deliberately caused plaintiff's injuries. On the basis of this determination, the trial court granted defendants' motion for directed verdict.

After reviewing the record, we conclude that the court's ruling was correct. No evidence was presented of a willful or deliberate act on the part of defendants to create a dangerous condition or to cause injury to plaintiff. Accordingly, a reasonable jury could not have found that defendants failed to meet the standard of care owed to plaintiff as a trespasser.

The judgment is affirmed.

Judge WEBB and Judge HAWTHORNE concur.