Carol S. MATOUSH, Plaintiff–Appellee,

v.

David H. LOVINGOOD and Debra Lovingood, Defendants–Appellants.

No. 05CA0538.

Colorado Court of Appeals, Div. III.

Nov. 2, 2006.

Howard Morrison, Colorado Springs, Colorado, for Plaintiff-Appellee.

Felt, Monson & Culichia, LLC, James W. Culichia, Karen L. Remling, Colorado Springs, Colorado, for Defendants–Appellants.

Opinion by Judge RUSSEL.

Defendants, David H. Lovingood and Debra Lovingood, appeal the trial court's judgment in favor of plaintiff, Carol S. Matoush. We reverse and remand with directions.

§ 24–51–1105, C.R.S.2006.

## I.  Background

This case involves a dispute about an easement across residential real property.  Plaintiff owns the dominant estate, which is benefited by an express easement "for sewer and water pipes and alley purposes" across the northern ten feet of the servient estates, which belong to defendants and a neighbor.

The following schematic depicts the parties' properties:

In 2003, plaintiff brought an action against defendants and the neighbor to enforce her rights under the express easement.  The parties agreed that the easement would continue to burden the servient estates for sewer and water lines.  But defendants and the neighbor asserted that plaintiff had lost her right to use the easement for "alley purposes" under the adverse possession statute, § 38–41–101(1), C.R.S.2006.

Evidence at trial indicated that the easement has not been used for access since at least 1969.  Fences have been erected at the property boundaries so that it is impossible to travel along the easement from the alley to plaintiff's property.  In addition, the easement area contains physical features that would impede access.  A shed partially blocks the easement on defendants' property, and the neighbor's property contains a rock garden and flower beds.  The easement area is covered in grass and has been incorporated into the backyards of defendants and the neighbor.

The trial court found that, for alley purposes, defendants and the neighbor had adversely possessed the easement for over eighteen years:

> Defendants have proved by a preponderance of the evidence that they have adversely possessed the easement area for over 18 years.  [Defendants'] possession has been actual in that the easement, except for the 28 foot area on the west, has been fenced off and occupied by the Defendants.  Their possession has been open and obvious to the Plaintiff.  Their possession has been adverse in that the Plaintiff has not been able to use the easement area for an alley.  Their possession has been exclusive in that no one except the owner of the property has been able to use the easement area.  Their possession has been continuous at least since 1969 and probably longer.

Nevertheless, the trial court ruled that the easement continued to burden the servient estates for all purposes because there was no evidence that plaintiff intended to abandon the easement.  The court therefore entered judgment in favor of plaintiff.

Defendants now appeal that part of the court's judgment that recognizes plaintiff's right to use the easement for alley purposes.  Defendants do not contest the easement for sewer and water lines.  The neighbor is not a party on appeal.

## II.  Standard of Review

We review the trial court's determination as a mixed question of fact and law.  We

defer to the court's credibility determinations and will disturb its findings of historical fact only if they are clearly erroneous and unsupported by the record. *Chapman v. Willey,* 134 P.3d 568, 568 (Colo.App.2006); *Trask v. Nozisko,* 134 P.3d 544, 549 (Colo.App.2006). However, we review de novo the court's application of the governing legal standards to the facts. *Chapman v. Willey, supra,* 134 P.3d at 568; *Ocmulgee Props. Inc. v. Jeffery,* 53 P.3d 665, 667 (Colo.App.2001).

### III. Discussion

Defendants contend that the trial court applied the wrong legal standard when it ruled that plaintiff's easement was not modified or partly extinguished by prescription. We agree.

### A. Ending an Easement by Prescription

The law of adverse possession is not limited to possessory estates. Any real property interest, including servitudes such as easements or restrictive covenants, may be extinguished by prescription:

> No person shall commence or maintain an action for the recovery of the title or possession or to enforce or establish *any right or interest of or to real property* or make an entry thereon unless commenced within eighteen years after the right to bring such action or make such entry has first accrued or within eighteen years after he or those from, by, or under whom he claims have been seized or possessed of the premises. Eighteen years' adverse possession of any land shall be conclusive evidence of absolute ownership.

Section 38–41–101(1) (emphasis added); *see also* 2 *Restatement (Third) of Prop.: Servitudes* § 7.7 (2000) ("To the extent that a use of property violates a servitude burdening the property and the use is maintained adversely to a person entitled to enforce the servitude for the prescriptive period, that person's beneficial interest in the servitude is modified or extinguished.").

Easements may be created, modified, or extinguished by prescription under a theory of adversity. These three actions are fundamentally similar: in each case, a party loses property rights to someone who has openly engaged in adverse activity over the prescribed number of years. For this reason, courts generally evaluate actions to extinguish or modify easements by examining the same elements that are required to create prescriptive easements. *See, e.g., Boccanfuso v. Conner,* 89 Conn.App. 260, 873 A.2d 208, 216, 224–25 (2005); *Yagjian v. O'Brien,* 19 Mass.App.Ct. 733, 477 N.E.2d 202, 204 (1985); *Thomas v. Ross,* 477 A.2d 950, 953 (R.I.1984); *White v. Lambert,* 175 W.Va. 253, 332 S.E.2d 266, 268 (1985); *see also* 2 *Restatement, supra,* § 7.7 cmt. b ("Adverse uses meeting the requirements [for creating easements by prescription] that unreasonably interfere with easements or violate covenants, if continued throughout the prescriptive period, extinguish the benefit of the servitude to the extent of the adverse use."); 7 *Thompson on Real Property* § 60.08(b)(7), at 568–69 & n. 801 (David A. Thomas ed., 2006).

█ Accordingly, in Colorado, an easement may be partly or wholly extinguished upon proof that the servient owner's use of the land (1) is adverse to the use of the easement, (2) is open or notorious, and (3) has continued without effective interruption for eighteen years. *See Lobato v. Taylor,* 71 P.3d 938, 954 (Colo.2002) (stating requirements for creation of a prescriptive easement under theories of adversity and intended, but ineffective, grant); *Clinger v. Hartshorn,* 89 P.3d 462, 466 (Colo.App.2003); 1 *Restatement, supra,* §§ 2.16, 2.17.

█ When deciding whether an easement has been extinguished by prescription, courts must pay special attention to the element of adversity. Courts must avoid inferring adversity from acts that merely demonstrate the servient owner's control over his or her own property:

> The servient owner already has the right to use the servient tenement in any way that does not obstruct the easement; thus what might look like a use that would create a prescriptive easement may be a use that is still within the servient owner's rights. The adverse possessor must show that the use inter-

feres significantly enough with the easement owner's enjoyment of the easement to give notice that the easement is under threat.... [T]here must be use made of the land that is "inconsistent with the use made and rights held by the easement holder, not merely possession which is inconsistent with another's claim of title."

7 *Thompson, supra,* § 60.08(b)(7)(i), at 569 (quoting *Mueller v. Hoblyn,* 887 P.2d 500, 507 (Wyo.1994)); *see also* 4 Richard R. Powell, *Powell on Real Property* ¶ 34.21[ 1 ], at 34–197 (Michael Allan Wolf ed., 2005) ("The use of the land by the servient tenant must be one that is incompatible or irreconcilable with the authorized right of use.").

To ensure that easements are extinguished only upon adequate proof of adversity, some courts follow *Castle Associates v. Schwartz,* 63 A.D.2d 481, 407 N.Y.S.2d 717 (N.Y.App. Div.1978). The *Castle* rule requires proof of need, demand, and refusal:

> [W]here an easement has been created but no occasion has arisen for its use, the owner of the servient tenement may fence his land and such use will not be deemed adverse to the existence of the easement until such time as (1) the need for the right of way arises, (2) a demand is made by the owner of the dominant tenement that the easement be opened and (3) the owner of the servient tenement refuses to do so.

*Castle Assocs. v. Schwartz, supra,* 407 N.Y.S.2d at 723; *see also Vandeleigh Indus., LLC v. Storage Partners of Kirkwood, LLC,* 901 A.2d 91, 103–05 (Del.2006) (applying *Castle* ); *Kolouch v. Kramer,* 120 Idaho 65, 813 P.2d 876, 879–80 (1991) (same); *Mueller v. Hoblyn, supra,* 887 P.2d at 508–09 (same).

■ Although we insist on clear proof of adversity, we conclude that the *Castle* rule would do more harm than good if installed as a formal component of every action to extinguish easements by prescription. As recognized in *Spiegel v. Ferraro,* 73 N.Y.2d 622, 543 N.Y.S.2d 15, 541 N.E.2d 15, 16 (1989), the *Castle* rule makes no sense where "an easement has been definitively located and developed through use." *See also Sabino Town & County Estates Ass'n v. Carr,* 186

Ariz. 146, 920 P.2d 26, 30 (Ariz.Ct.App.1996) (adopting *Castle* for limited application). Thus, if a servient owner's use of land is truly adverse—that is, clearly incompatible or irreconcilable with the use of the easement—the trial court may grant relief even in the absence of need, demand, and refusal.

## B. Application

■ We conclude that the trial court erred in requiring proof of plaintiff's intent to abandon the easement for "alley purposes." Abandonment is not an element of termination by prescription. It is a "separate and distinct method[ ] by which an easement may be extinguished." *Boccanfuso v. Conner, supra,* 873 A.2d at 222. *Compare* 2 *Restatement, supra,* § 7.4 (termination by abandonment), *with* 2 *Restatement, supra,* § 7.7 (termination by prescription).

Accordingly, the trial court's judgment must be reversed and the case remanded for findings of fact and conclusions of law under the standards set forth in Part III.A of this opinion.

## C. Fences

■ Because the issue will arise on remand, we consider defendants' contention that the trial court erred in ruling that fences are, as a matter of law, insufficient to start the prescriptive period.

We are not persuaded that the trial court's ruling evidences a misapprehension of law regarding the evidentiary significance of fences. But we agree with defendants that fences may trigger the prescriptive period. The point is well illustrated in the *Restatement:*

> Black acre is burdened by an easement appurtenant to White acre for ingress and egress to a public road. Without permission from the owner of White acre, O, the owner of Blackacre, constructed a fence along the boundary between Blackacre and Whiteacre. The fence completely blocked entrance to the easement. In the absence of other facts or circumstances, maintenance of the fence in its current location for the pres-

criptive period will terminate the easement.

2 *Restatement, supra,* § 7.7 cmt. b, illus. 1.

Whether a fence is sufficiently adverse to start the prescriptive period depends on the circumstances of each case. If the fence does not completely block the easement or is otherwise compatible with the use of the easement, it will not start the prescriptive period. *See, e.g., Nicholls v. Healy,* 37 Mich. App. 348, 194 N.W.2d 727 (1971) (servient owner's fence and trees were insufficiently adverse where they did not completely block the easement); *Brimstone Mining, Inc. v. Glaus,* 317 Mont. 236, 77 P.3d 175 (2003) (locked gate was insufficiently adverse where the dominant owner had a key). Conversely, if the fence frustrates the easement, it will trigger the prescriptive period. *See, e.g., Robinson Water Co. v. Seay,* 545 S.W.2d 253, 259 (Tx.Civ.App.1976) (chain-link fence around servient owner's front yard extinguished a portion of the easement); *White v. Lambert, supra,* 332 S.E.2d at 268 (servient owners extinguished part of an express right-of-way by erecting a fence along the road and maintaining grass, shrubs, trees, and a shed within the unused portion of the easement).

The judgment is reversed, and the case is remanded for findings of fact and conclusions of law consistent with this opinion.

Judge CASEBOLT and Judge GRAHAM concur.